Spencer vs. Goodman & Bradfield et als.

## No. 8173.

### W. B. SPENCER vs. GOODMAN & BRADFIELD ET ALS.

A judgment creditor can legally sue for the recovery of his debtor's property in the hands of third persons, in order to make it liable for his debt, and, for the purposes of his suit, he can legally assert all the rights of his debtor in and to the property.

Such a suit is not the Revocatory action, but is in the nature of the Petitory action. 30 An. 733.

The prescription applicable to such a suit is that which governs the Petitory action.

Such an action being petitory in its nature, the tender and putting in default are not conditions precedent to the recovery of the property and of the fruits and revenues.

The debtor, in such a suit, being made co-defendant with the actual possessors, and in his answer joining the Plaintiff and claiming the property as his own, will be reviewed in the light of an intervenor in a petitory action.

The title by which the holder of a mortgage note sought to acquire the mortgaged property, being annulled, confusion and extinguishment cease and the mortgage still exists.

APPEAL from the Eighth Judicial District Court, parish of Madison. *Deloney*, J.

J. W. *Montgomery* for Plaintiff and for Carpenter, co-plaintiff, Appellees:

First—A creditor can assert all the rights of his debtor either to recover property in his behalf or to assert a right on property. 30 An. 727-733 ; 2 An. 782; Code Napoleon, 1166 ; 4 Marcadé, p. 433, with his comments on that article.

Spencer vs. Goodman & Bradfield et als.

Second—A revocatory action seeks to annul an act done by his debtor in fraud of his rights. It does not refer to non-action of the debtor.   Civil Code, Art. 1969 ; 30 An, 733-4.

Third—The purchaser in bad faith is he who knows, or has reason to believe, his title to be "vicious or defective."   He is bound to restore the revenues.   Civil Code, 3452.

Fourth—Estoppel *in pais* can be invoked only by one who is misled to his injury.   6 Otto, p. 659-666.

Fifth—An exception being referred to the merits puts the cause at issue, and upon trial plaintiff may prove up his case.   29 An. 398; 26 An. 620.

Sixth—It is perfectly manifest that, whatever may be the fate of Spencer's action on the prescription of one year, plead under Art. 1994 of the Code, Carpenter's action to recover the property is not barred.   He files a cross-bill, or plea of intervention, asserts title and obtains judgment after issue joined; and so far as he is concerned the action was petitory and governed by the prescription applicable to such actions.

### Stone & Slack for Defendants and Appellants:

First—An action brought by a creditor under the latter clause of Art. 1990, R. C. C., is necessarily a revocatory action, and being an exception to the ordinary rules, should not be extended by implication.

Second—The revocatory action applies not only to contracts, but to any " Act "—real or unreal —whereby the creditor is prejudiced.   R. C. C. 1989.

Third—The revocatory action differs from an action of nullity or rescission in this, the former is brought by a person not a party to the act sought to be revoked, while the latter is brought by one of the parties to the act.   4 L. 257.   Third parties revoke.   Parties to an act rescind or annul.

Fourth—The action given by R. C. C. 1990 is a legal subrogation of the creditor to the possessory actions of his debtor, and is consequently barred by one year.   R. C. C. 1994, C. P. 49-53.   The creditor is subrogated to no greater rights that his debtor could exercise.

Fifth—An action to annul a simulated sale is barred by ten years.   2 H. D. 1213, No. 9 ; 32 An. 94, and cases ; but these authorities are based upon the fact that the sale is not one in reality, coupled with the further fact that the property so sold is still in the possession of the vendor or vendee.   In this case neither the vendor or vendee is in possession.

Sixth—In a revocatory action, fraud is an essential ingredient.   R. C. C. 1978-1989.   At all events, if even simulation is charged, it must be alleged that the act complained of was fraudulent or prejudicial.   31 An. 863 ; 30 An. 1136.   Plaintiff charges neither.   If he does, then his action is prescribed; if he does not, then he has no cause of action.

Seventh—Insolvency is only a presumption of fraud—its allegation does not cure the omission to allege fraud.   R. C. C. 1984.

Eighth—To recover, the petition must allege that the property did not sell for its value—that plaintiff would be benefited by a re-sale, 31 An. 840,  6 An.  61, 581, 8 An. 503, 30 An. 174, 3 An. 668, 5 An. 260, and that plaintiff's debt existed before the acts sought to be revoked, 32 An. 94, 30 An. 1136 and cases.

Ninth—To sue a married woman, she must be brought from under the exceptions.   She cannot be the champion for the community.   R. C. C. 2402; 20 An. 531; 29 An. 76 and cases.

Tenth—It is a condition precedent to the revoking of a sale, that plaintiff must return or offer to return the consideration or advantage received.   4 L. 198; 19 L. 281; 6 An. 581; 7 An. 113; 30 An. 174; 30 An. 1232; 13 An. 213; 8 An. 503; 24 An. 324.

Eleventh—The sale of the property of another is a relative, not an absolute, nullity; for the reason it can be cured by a confirmative act.   R. C. C. 2272.   None but those who can allege and show injury, can disturb such a sale.

Twelfth—To avail oneself of a decision on a question of fact, it is necessary to oppose the plea of *res adjudicata.*   2 H. D. 1168, No. 1.   This rule is applicable to the plaintiff.   28 An. 948.

Thirteenth—All a plaintiff in a revocatory action can obtain is a judgment recognizing his rights, etc.   He has no cause of action for the revenues of the property.

Fourteenth—Where a defendant attacks his co-defendants, he is governed by the rules applicable to a plaintiff, and where he permits the main cause to be tried without an issue joined on his demand, the judgment rendered in his favor is a nullity. 15 An. 207.

Fifteenth—An exception cannot be treated as an answer, unless by consent of parties or set down as such by the Court.

Sixteenth—A defendant by a distinct demand in his answer against his co-defendants, between whom there is no privity of contract with him, cannot change the character of the principal demand or cumulate a different or contrary demand with it. 24 An. 614. 15 An. 310; C. P. 149-153. Mayer vs. Armant, 14 An. 178; new ed.

Seventeenth—A default is a condition precedent to the recovery of revenues. R. C. C. 1912.

Eighteenth—As between the parties the only evidence of simulation is a counter-letter. 29 An. 512; 1 H. D. 534 (d), No. 1 and cases; 31 An. 797.

Nineteenth—Where a sale is attacked by a third party and is decided simulated, that decision only decides the status of the property as to third parties, but does not, ipso facto, annul the sale as between the parties, who can only set it aside by a counter-letter inter sese. If that counter-letter, when produced inter sese, establishes the reality of the sale, then inter sese it can never be annulled, except on allegation and proof of fraud; and none is alleged here.

Twentieth—When a debtor, from his own story, fraudulently transfers his property to defeat the rights of creditors, he cannot set up his dishonesty to recover the property, and be heard "not in undoing the wrong committed, but in making it more successful." 31 An. 577. He cannot take advantage of his own wrong. Wh. Max. p. 337; 1 H. D. 1007; Ib. 1008.

Twenty-first—A party is estopped from asserting title, where he was present when his property was sold, made no objection thereto and voluntarily surrendered it to the purchaser. 1 H. D. 512; Nos. 4, 5, 6 and cases; 2 Story Equity, Sec. 1546; R. C. C. 1811-1817; 5 An. 368; 1 Gr. Evi., Sec. 22-23; 30 An. 50; Volenti non fit and In pari delicto. Wh. Max. 213.

Twenty-second—It is not justice to reward one for his baseness. Nemo audiendus, etc. 31 An. 577; 2 H. D. 1107-8.

Twenty-third—Revenues will not be allowed, where they are claimed as damages for "forcibly dispossessing," when there is not one tittle of evidence to prove the allegation—as in this case. One must have "a real or actual interest which he pursues" before he can sue. C. P. 15.

Twenty-fourth—Evidence in one case is not proof of an allegation in another distinct case, and cannot be considered—as it was in this case.

Twenty-fifth—A demand for revenues, based on the charge of "forcibly dispossessing," is one for damages, and is barred by one year. R. C. C. 3536. 9 An. 490; 25 An. 414; 26 An. 511; 31 An. 527.

Twenty-sixth—No prescription runs against the mortgage debt, while the mortgagee is in possession of the property mortgaged. 31 An. 839. If the sale is revoked the mortgage is in force. 30 An. 1309; 31 An. 839.

### H. P. Wells for Klein, Defendant and Warrantor, Appellant:

First—The cause of action is the reason why one sues, and it is predicated, either upon the violation of a legal agreement or some provision of law to one's injury, and in every case it must be set forth. C. P. 172.

Second—A creditor can only interfere with the sale of his debtor's property on the ground that the property of the debtor is the common pledge of his creditors, R. C. C. 3183; and only then, when the act of the debtor is intended to defraud him, and if carried into execution would have that effect, and operates to his injury. R. C. C. 1978. This rule of law applies not only to fraudulent transfers, but to all acts of the debtor, whether those acts are real or pretended transfers. R. C. C. 1969; 31 An. 862. It is only fraudulent simulations that can be attacked. 31 An. 862.

Third—A creditor, by reason of being simply a creditor, and for that reason alone, and with-

out alleging the essentials of a revocatory action, has no right to stand in judgment; the utter absence of these allegations, that give life to such an action, will be noticed.

Fourth—No one, but the owner of the thing, or one alleging injury, can complain of the sale of the property of another. Such a sale is not absolutely null; because it can be cured by a confirmative act.

Fifth—"Every act done by a debtor with the intent of defrauding his creditor * * * is illegal and ought as respects such creditor be avoided." R. C. C. 1969. How? By an action of course; hence, the right to this action is barred by one year. R. C. C. 1994; 31 An. 839.

Sixth—A simulation is the result of a deliberate act. There can be no such a thing as an accidental simulation.

Seventh—A sheriff's sale cannot be a simulation, unless the officer is a party to the sham, or . the sale is the result of a previously arranged programme in a pactitious suit where the plaintiff buys. The several sales in this case could not be simulations, because real. If they are fraudulent, then the prescription of one year applies. If not fraudulent, or prejudicial (and neither is alleged) then plaintiff has no legal right to sue, and consequently no cause of action.

Eighth—Action to revoke a simulated transfer, the court holds, is barred by ten years; provided, however, the property is still in the hands of the parties to the sham; aliter, if it is in the hands and possession of a third party.

Ninth—A plaintiff must, to avail himself of a decision on a question of fact, oppose the plea of res adjudicata. The plea is a peremptory exception and must be pleaded; it cannot be cured by objections to evidence. 28 An. 946. If parties go to trial upon issues and evidence, received without objection. they are entitled to the benefit thereof.

Tenth—Courts "will not lend their aid to the annulling of titles, where the party seeking their interposition, cannot possibly take relief from the granting of the remedy invoked." 31 An. 840 and cases.

Eleventh—Parties to an act can only have it declared simulated on production of a counter-letter. 1 H. D. 534; L. D. 254, No. 3.

Twelfth—A party, who was present at the sale of his property and made no objection thereto—who moved off the property sold, making no effort to retain it, abandoned it and moved into another parish, and who remained silent and inactive until forced into court by citation, and then sets up title to this same property, thereby acquiesces in the sale and is estopped from taking advantage thereof. 1 H. D. 512.

Thirteenth—Plaintiff in a revocatory action who has no rights in the property, cannot be entitled to rents or revenues.

---

The opinion of the Court was delivered by

LEVY, J. The plaintiff, in his petition, alleges that he is the holder and owner of a judgment rendered in suit No. 957 of the District Court of Madison parish, entitled E. D. Farrar and W. B. Spencer vs. Charles Carpenter, executor, et als., for $2500, with five per cent per annum interest from June 8th, 1875, he having acquired, by assignment, said Farrar's interest therein; that said judgment was duly recorded in the Recorder's office of said parish and operated as a judicial mortgage on all the real estate of said Carpenter, in said parish; that said Carpenter was at the time of said judgment and said registry, and still is, the owner of a certain plantation in said parish, known as the "Willow Glen Plantation," containing about 600 acres; that said Carpenter has never been legally divested of title and ownership of said plantation, but has been wrong-

fully dispossessed thereof, by a pretended sheriff's sale made under a writ of *fieri facias*, issued upon a certain judgment rendered against J. S. Richardson, for damages in a certain injunction suit in said court, of J. S. Richardson vs. E. M. Cramer, sheriff, et als., No. 939, in which suit said Richardson asserted his ownership of said plantation, and was therein decreed by the District Court and Supreme Court of Louisiana, not to be the owner and was condemned to pay said damages; that, by the terms of said decree, said property was declared not to belong to said Richardson and, therefore, not liable for his debts; and that, the pretended sale of said plantation for his debt, under the very judgment which decreed it not to be his property, was and is an absolute nullity on the face of the proceedings, and that the pretended purchaser thereof, viz: John A. Klein, of Mississippi, and all subsequent holders are possessors in bad faith and liable to make restitution of the fruits of said property; that said Richardson, having no interest or right in or to said property, said purchaser did and could acquire none from or through him; that the fruits and revenues, since the date of said pretended sale are worth $2500 per annum; that Charles Carpenter, plaintiff's debtor, is, and was at the time of said illegal dispossession, hopelessly insolvent, and neglects and refuses to take proceedings to have said illegal possession annulled, greatly to the injury of plaintiff, who is a creditor, having a mortgage, as aforesaid, upon said property; that, as such creditor, he has the legal right to exercise the rights and actions of his debtor, and to have said apparent, but void title, declared null, to the end that he may subject said property to his debt, as that of his debtor, Carpenter; that said property is now in the possession of James H. Goodman and Mrs. Mary E. Bradfield, wife of John O. Bradfield; that B. R. Thomas is dead and his heirs are residents of Mississippi. He prayed for appointment of curator *ad hoc* to represent John A. Klein and the heirs of Thomas, absentees, and for citation of them and of Carpenter, Richardson, Goodman and Mrs. Bradfield, and for judgment decreeing said plantation to be the property of said Charles Carpenter and, as such, liable to plaintiff's judgment and mortgage; that the adjudication to said Klein under said writ of *fi. fa.* against Richardson, be decreed to be absolutely void *ab initio*, and that said Klein, and Goodman and Mrs. Bradfield be condemned, jointly and *in solido*, to account for and return the fruits and revenues of said plantation during their said illegal possession.

The defendants, Goodman and Mrs. Bradfield and husband and Klein, filed a peremptory exception, praying for the dismissal of the suit on the following grounds: 1st. Because the petition of plaintiff disclosed no cause of action; 2d. Because defendants have not been put in default, and no tender has been made by plaintiff of the price bid and paid for

the property, at sheriff's sale, nor of the amount paid by Goodman and Bradfield to said Klein therefor, the said bid and price, including the amount due on the first mortgage in favor of Thomas, attorney's fees and taxes, all of which enured to the benefit of plaintiff; and which tender and offer is a condition precedent to the institution of this suit, no fraud being alleged ; 3rd. Because the sale of E. D. Farrar to W. B. Spencer, plaintiff herein, was the transfer and purchase of a litigious right, and said transfer an absolute nullity. This exception was referred to the merits. Mrs. Virginia Thomas, widow, natural tutrix of the minor heirs of B. R. Thomas, answered, averring that her late husband was a mere nominal party to the transactions and he and his heirs without interest in the suit. Goodman and Mrs. Bradfield and husband in their answer, set forth that they are the lawful owners of said property, having purchased the same, by notarial act, from John A. Klein, on the 30th of August, 1876, for the price and sum of $18,000, of which $4500 was paid in cash, and they gave their three mortgage notes, *in solido*, each for $4500, payable respectively on the 15th December of the years 1877, 1878 and 1879, for the balance. They denied that their said vendors or themselves have ever been possessors of said property in bad faith, or that they are in any way liable to account for the fruits and revenues.

They aver and except that there is no privity of contract between respondents and plaintiff, and that there is no law authorizing a creditor in an action of this kind to recover revenues ; that plaintiff in an action of this kind can only have awarded to him the right to sell the property to pay his debt; that the portion of the judgment in suit No. 957 of " Farrar & Spencer vs. Carpenter, executor," etc., which recognizes the same as a privilege claim, is an absolute nullity for want of probate jurisdiction in the District Court, even if there was such a succession as that sought to be made liable, which they deny. They plead the prescription of one, two and three years, against plaintiff's demand, and finally they call Klein in warranty and pray for such judgment over against him as may be rendered against them.

Carpenter filed an answer, in which he admitted that plaintiff holds a judgment against him, which he has not paid, and " assuming the part of plaintiff against the other defendants, Goodman and Mrs. Bradfield and husband," avers, " that he is the owner of the plantation mentioned in the pleadings; that he has never been lawfully divested of his title thereto, but he has been violently dispossessed of the same; that, while he was in possession of said property, a writ of seizure issued against the same at the suit of 'B. R. Thomas, use, etc.,' which proceeding was arrested by an injunction of J. S. Richardson, who set up a title to the property; that such injunction suit was decided adversely to said Richardson, his title declared to be simulated and void, and was annulled

and avoided, and a judgment rendered against him (Richardson) for about $1500 damages ; that said writ of seizure, having been returned by order of the owner of the order of seizure and sale and judgment, said plantation was released from seizure and he (Carpenter) remained in possession thereof ; that on or about the 22d of June, 1876, a *fieri facias* issued on the judgment in said injunction suit against said Richardson to collect the said judgment for damages, and respondent's said plantation, without any notice to him, was sold for the purpose of liquidating such demand, and John A. Klein, the owner of the notes and order of seizure and sale, in favor of ' B. R. Thomas, use, etc.,' became the purchaser ; that, when the said *fi. fa.* was enforced by the sheriff, it was done without seizure or notice to him, and respondent protested against the surrender of his property to the pretended purchaser, but the sheriff disregarded his opposition and violently dispossessed him and delivered said property to said Klein." He alleges that he is entitled to recover his said property with the rents and revenues, which he avers to be worth, annually, the sum of $3000 ; that said defendants are possessors in bad faith and responsible to him for such rents and revenues. He prays that his title be recognized as being good and valid, and that he recover from said defendants his said property, the " Willow Glen Plantation," together with $3000 annually until delivery to him.

The defendants, Goodman and Mrs. Bradfield, peremptorily excepted to the answer of Carpenter, and moved to strike out all that portion of said answer wherein he assumes the attitude of plaintiff, for the reasons: 1st. Because it changes the character of the action and cumulates a different one ; 2d. Want of privity of contract; 3rd. Want of putting in default ; 4th. Estoppel by reason of silence, inaction and acquiescence in the sheriff's sale to Klein of said plantation and his solemn act of conveyance of same to Richardson on 25th March, 1875, etc., thereby debarring himself from asserting title to the same. This was also referred to the merits by consent.

Richardson, in his answer, adopts all the exceptions, answers and defenses of his co-defendants, Goodman and Mrs. Bradfield. He avers that he was the *bona fide* owner of said property at the time of said sheriff's sale, having acquired the same from said Carpenter, for a valuable consideration, and that the same was legally seized and sold at said sheriff's sale as his property. He pleads estoppel and prescription for one and five years against the demands of plaintiff and of Carpenter.

The defendant Klein (who had been called in warranty by Goodman and Mrs. Bradfield), answered setting up estoppel, for the reasons stated, as against Carpenter and the plaintiff Spencer ; averred that plaintiff has no cause of action ; denied that he was a purchaser in bad faith ; alleged that, at the date of the sheriff's sale to him, he was the owner of

the judgment in the suit of Richardson vs. Cramer et als., No. 929, under which said land was sold, and that he was the owner of the order of seizure and sale in the executory proceedings of "B. R. Thomas for use, etc., or Charles Carpenter," No. 930 ; that said debt was secured by first mortgage on said land, and that the object of this respondent was to obtain *bona fide* payment of his debt ; that the property purchased by him, at said sheriff's sale, was the property of Richardson, and that neither Carpenter nor any of his creditors had any right therein ; "that if it was Carpenter's property (which he denied), his bid went to the extinguishment of the debt for which Carpenter was liable, and plaintiff cannot have said sale revoked or annulled until he has reimbursed or offered to reimburse said amount to respondent, which has not been done." He pleads the prescription of one year to plaintiff's action.

For answer to the call in warranty, he admits that he sold the property to Goodman and Mrs. Bradfield, but denies any responsibility to them, averring that they bought the property at their own risk and peril. He prays, " in the alternative, that, should the sale to him and from him to his co-defendants be revoked and he be decreed to restore the price, the judgment against him be in proportion to the whole price paid as the quantity of land, the sale of which is revoked, is to the whole quantity sold, there being 150 acres of land in the sale from respondent, the title to which is not questioned in this suit."

There was judgment of the Court *a qua,* decreeing the property described in the petition of plaintiff to be the property of Charles Carpenter, and that the sheriff's sale made by E. M. Cramer, sheriff, to John A. Klein, on the 5th of August, 1876, is null, void and of no effect ; that the sale made by John A. Klein to James H. Goodman and Mrs. Mary E. Bradfield, on the 30th of August, 1876, so far as it transfers the property purchased by said Klein on the 5th of August, 1876, from E. M. Cramer, sheriff, is null, void and of no effect ; further, that plaintiff's mortgage be recognized and made executory as against said property belonging to said Charles Carpenter and the same to be seized and sold to pay and satisfy plaintiff's mortgage ; further, decreeing that there be judgment in favor of Charles Carpenter and against the defendants Goodman and Mrs. Bradfield, for the property known as the " Willow Glen Plantation," the same which was sold at sheriff's sale on 5th of August, 1876, and that his title to the same be recognized and he be put in possession thereof by the sheriff; further, that Carpenter recover from the defendants Goodman and Mrs. Bradfield, as rents and revenues of said plantation from and including the year 1876 to the time of re-delivery to said Carpenter, at the rate of $2600 per annum, with five per cent per annum interest thereon from the time of their respective maturities, allowing Goodman and Mrs. Bradfield to set-off and compensate

said rents and revenues to the extent of $827 25 taxes proven to have been paid by them on said property. It was further decreed that Goodman and Mrs. Bradfield have judgment over against Klein, their warrantor, decreeing them to be entitled to all the purchase price paid by them for that portion of the Willow Glen Plantation bought by John A. Klein, at sheriff's sale, on 5th August, 1876, and reserving to them their right to sue for and liquidate the same, and that they be relieved from the payment of any said price not due or unpaid, and that said Goodman and Bradfield do restore to said Klein the notes mentioned and transferred by said Klein to them in the deed of August 30th, 1876, upon payment to him by them of said purchase price.

The following appeals were granted to and taken by Klein : 1st. A devolutive appeal from the judgment in favor of the plaintiff, W. B. Spencer, subjecting the property in the possession of Goodman and Bradfield to the satisfaction of plaintiff's judgment. 2d. A devolutive appeal from the judgment in favor of Charles Carpenter, decreeing the property, described in the petition, to belong to Carpenter and ordering him to be placed in possession thereof. And appeals were granted and taken by Goodman and Mrs. Bradfield, as follows : 1st. A suspensive appeal from the judgment in favor of plaintiff subjecting the property in the possession of these defendants to plaintiff's debt and judgment ; 2d. A suspensive appeal from the judgment decreeing the property in their possession to belong to Charles Carpenter and ordering the delivery of same to him; 3d. A suspensive appeal from the judgment decreeing said Carpenter to be entitled to the revenues of the property in possession of said defendants at the rate of $2600 per annum.

We shall discuss the questions raised by the several parties, on the determination of which depends the decision of this cause.

1st. Has the plaintiff Spencer, a judgment creditor of Carpenter, the right to assert all the rights of his debtor to recover property or to assert a right thereon, in behalf of his debtor ? We think such right on the part of the creditor does exist and can be asserted by him ; otherwise he would be at the mercy of a defaulting and obstinate debtor, who might, by a refusal or neglect to assert rights involving his ownership and title to property and its possession, prevent the enforcement of just claims resting upon his property, which the law regards to be a pledge for the benefit of all his creditors. Mourlon, vol. 2, p. 614 et seq.; Journal du Palais, Tome II de 1853, p. 294; 30 An. 727 et seq., Logan vs. Herbert.

2d. What is the character of plaintiff's action ? The ruling of the Court in Logan vs. Herbert, 30 An. 733, seems to us to cover this case. There the Court said: "We have stated the prayer of the petition. We do not think it is the hypothecary action. The petition does not ask for the seizure and sale of the property, but that the sale from Barkdull to

Herbert be declared void; that the property, *quoad* the plaintiff's rights, be decreed to belong to Mrs. Fluker, and that it be decreed to be subject to plaintiff's judgment. Creditors are authorized by law to exercise the rights and actions of their debtors in cases like this (2 An. 782). They are not barred or estopped from so doing by the acts or pleadings of their debtors, only when and to the extent that in such acts or pleadings the debtor may be considered as representing them." And, " the hypothecary action proceeds upon the hypothesis that, there has been a *real alienation* of the property *by the mortgage debtor*." "Nor must plaintiff's action be confounded with the revocatory action, technically so called. That action has for its object the annulment of acts and contracts made by the debtor in fraud of the rights of creditors. Plaintiff in this case does not pretend any such state of facts. On the contrary, she asserts that her debtor never did, in truth and fact, sell or dispose of this property ; that she was the victim rather than the perpetrator of illegal and wrong doing." * * " We think the plaintiff has made out her case, and that, as to her, defendant's title is null and void, and that plaintiff has the right to proceed against said property as that of her judgment debtor for the satisfaction of her mortgage rights. Under the views we take, the prescription of one and five years pleaded by Mrs. Barkdull against plaintiff is inapplicable." The similarity in the pleadings of that and the instant case is striking, and the reasoning and views on the facts of that are applicable to those of this. As between the plaintiff Spencer and Carpenter and Richardson, the judgment in suit No. 957 adjudicated the sale from Carpenter to Richardson to be a simulation and null, void and of no effect. As between Thomas and the owners of the mortgage notes and Richardson, the judgment in the injunction suit, No. 939, established likewise the simulation of said sale. The assignment by Dennis of the mortgage notes, on which was issued the order of seizure and sale mentioned in suit No. 930, was dated on the 10th of December, 1875, the writ of seizure and sale having been executed on the 23d of February, 1875. The judgment in injunction suit No. 939 was signed on the 23d of May, 1875. The judgment in suit No. 957, of Spencer vs. Carpenter et als., was signed on 31st of May, 1877. The deed from sheriff to Klein under *fi. fa.* in No. 939, was dated 11th August, 1876, and the deed from Klein to Goodman and Bradfield on the 30th of August, 1876. The sheriff's sale to Klein set forth that the right, title and interest of J. S. Richardson in and to the land described, was seized and sold to Klein. The deed from Klein to Goodman and Bradfield conveyed the property, which had been acquired at this sheriff's sale, with express stipulation that the vendor made no guaranty of title thereto, but warranted only such title as he had acquired at said sale. Thus, it appears that, as to Carpenter, Richardson, Klein, Thomas and Dennis and Farrar (the latter two

being the owners of the mortgage notes of Carpenter), they were made aware of the want of title to the lands involved in Richardson and of the real ownership of Carpenter therein. Klein, as the owner of the notes, the order of seizure and sale and the judgment in No. 939, and subrogated only to such rights as his vendees had caused to be executed the *fi. fa.* issued on the judgment against Richardson, seized Carpenter's land, knowing it to be Carpenter's, and sold the same to satisfy a judgment against Richardson. Thus Klein became a possessor in bad faith. He bought it, however, and retained in his hands the amount of the mortgage debt, the first mortgage on the property. In his sale to Goodman and Bradfield, which included this property, and in which he transferred to them the mortgage notes of Carpenter, etc., he cautiously and expressly abstained from giving a general warranty thereof ; he conveyed to his vendees only such title as he had himself acquired by the sheriff's sale in suit No. 939, and that was no title at all ; and, in accepting only the title under that sale, Goodman and Bradfield, as to this particular property, acquired no right or interest therein. It cannot then be said that Goodman and Bradfield acquired even an apparent title, for the act of sale to them plainly and clearly set forth, by reference to the sheriff's sale under the execution in the suit of Richardson vs. Cramer, that there was only sold the right, title and interest of Richardson, in the land, and in the very suit in which the execution was issued and the adjudication made, Richardson was decreed not to be the owner of the property and really to have no right, title or interest therein. Goodman and Bradfield, therefore, were, to our minds, in technical or legal bad faith and liable to the true owner for the fruits and revenues during their possession of his lands. We do not consider that the plea of estoppel, as to Carpenter, can be maintained. The facts and adjudications as to non-ownership of Richardson, were within the knowledge of the parties, and the inaction and silence and presence of Carpenter at the sale did not mislead, and were not calculated to mislead any of the parties to their injury.

The answer of Carpenter, in which he assumed the attitude of plaintiff against the co-defendants, Goodman and Bradfield, styled a cross bill, must be regarded, as to his demand against them, as an intervention, wherein, in the nature of a petitory action, he claimed the ownership of the property, to be put in possession of the same and the fruits and revenues thereof. This intervention was put at issue as to them. The exceptions to his demand were referred to the merits and tried on the merits, and there was such an appearance and practical answer of defendants as rendered unnecessary citation and service of the intervention.

The action of the plaintiff, as well as the intervention of Carpenter,

partakes of the nature of a petitory action, and, not only is the prescription pleaded inapplicable to them, but a putting in default and tender are not conditions precedent to the recovery of fruits and revenues in this action. The simulated sale from Carpenter to Richardson has been adjudged null, void and of no effect. Although there was an attempt on the part of Carpenter to avail himself of this simulation by an unreal sale, we are at a loss to perceive how the mere transfer of the property could have defeated the hypothecary rights of the holders of the mortgage notes, and the sale *per se* could have inflicted no serious injury on them or occasioned any serious delay, especially as the mortgage itself contained the pact *de non alienando*. However reprehensible the conduct of Carpenter in connection with this act of simulation, it failed of success, and in the record of this case we find the counter-letter offered in evidence by the defendants, and other evidence in support of the simulation, which justifies him in his suit to annul and set aside the sale. We think the judgment of the lower court is in the main correct, but in some of its details, it should be amended. The evidence on the subject of the yearly value of the fruits and revenues is, in our opinion, directed to and based upon all the plantation, including the 150 acres which belonged to Klein, about which there is no dispute, and which forms about three-fourteenths of the whole plantation ; instead of recovering $2600 per annum, the amount should be reduced to $2050 per annum, with interest, subject to the offset and compensation of $827 25 taxes paid, with interest from date of payment thereof. The judgment in favor of Goodman and Bradfield against Klein, should be more explicit. They should only be entitled under this judgment to the proportion of the price paid by them in cash, which the whole price paid bears to the quantity of land, the sale of which is revoked, in other words, to $\frac{5689}{11980}$ of $4500, with legal interest thereon from 30th August, 1876 ; and that they be relieved from the payment of that portion of the price unpaid, in the same proportion as above, and that the notes unpaid given for the purchase price be cancelled to the extent of the same proportion thereof, and with the reservation of all the rights to sue for and liquidate the price as contained in the judgment appealed from, and reserving to Goodman and Bradfield the right to enforce any rights which they may have to set aside and annul the whole sale from Klein to them; and it is thus explained and amended.

The right to proceed on the mortgage notes is unaffected by this decree, and this right is of course reserved to the owners thereof. The title by which the holders of these notes sought to acquire the mortgaged property being annulled, confusion and extinguishment cease to apply, and the mortgage still exists.

It is, therefore, ordered, adjudged and decreed that the judgment

appealed from be amended as to the judgment rendered on the call in warranty of J. A. Klein by Goodman and Mrs. Bradfield and husband, so as to decree that said Goodman and Bradfield be entitled to recover from said Klein, as just above set forth, and thus amended, the judgments appealed from be affirmed with costs.

