**PACIFIC IMPROVEMENT CO. v. DUSON.**

(District Court, W. D. Louisiana. June 25, 1924.)

No. 204.

**1. Pleading ⬤228—For purpose of exception, allegations of petition taken as true.**

For purpose of exception, allegations of petition must be taken as true.

**2. Mortgages ⬤295(1)—Mortgage on timber held not extinguished by confusion by ineffective reconveyance of the land, if subsequently set aside.**

Mortgage on timber, which would be extinguished by confusion on reconveyance of the land, is not so extinguished where the reconveyance was ineffective, due to fraud in its procurement, and is set aside.

**3. Mortgages ⬤316—Purchaser of timber on mortgaged property held not necessary party to action to annul a reconveyance.**

Purchaser of timber subject to mortgage is not a necessary party to an action to annul for fraud a reconveyance of the land in satisfaction of mortgage, not being privy to the reconveyance.

On Motion to Dismiss.

**4. Mortgages ⬤316—Dismissal of bill to annul special acts of reconveyance held warranted as to land in certain parish.**

In suit to annul three special acts of reconveyance for error and fraud, where it appeared that the retransfer of property in a particular parish was by separate deed, both in first and second instances, *held* that, as to such property, the bill may be dismissed.

In Equity. Suit by the Pacific Improvement Company against Wm. W. Duson. On opposition of misjoinder, and alternatively to dismiss. Decree rendered.

Cline & Plauche, of Lake Charles, La., for plaintiff.

McCoy & Moss, of Lake Charles, La., for defendant.

DAWKINS, District Judge. Plaintiff sued to annul three special acts of reconveyance or dation en paiements upon the ground of error and fraud. It alleged that it was the holder of vendors' liens and mortgages upon the property, and that it agreed to take the lands back in payment of the debts; that after doing so it discovered that defendant had sold the timber on a part of the land to a third person, which accordingly reduced the value of the property; and that, if this had been known, plaintiff would not have accepted the retransfers. The prayer was that the conveyances be set aside and the mortgages reinstated.

Defendant has excepted, first, upon the ground that the transferee of the timber is a necessary party; and, second, that the bill should be dismissed as to that part of the lands lying in Acadia parish.

Misjoinder.

[1-3] The purchaser of the timber is in no sense a party privy to the reconveyances of the property. It is true that, if the conveyances stand, the effect would be to cancel the mortgage as against the timber, because, when the vendor again became the owner of the land, the mortgage would be extinguished by confusion. However, if the allegations of the petition be true (and they must be taken as such for the purpose of the exception), then there was never an effective retransfer of the property and a consequent cancellation of the mortgage because of the fraud or error which accompanied it. The purchaser of the timber has not been led to change his position, nor could he be heard to oppose relief against the mortgagor. His situation would simply be restored to what it was before the alleged fraudulent or erroneous transaction took place, and with which he was in no wise connected. The mortgage contained the pact

de non alienando, and he took the timber subject to the rights which flowed therefrom. The mortgage on the timber was never extinguished by confusion, if it be revived, because it was not reconveyed with the land to the vendor, and hence there was no unity of ownership and mortgage of the same thing in one person. Pugh v. Sample, 123 La. 791, 49 So. 526, 39 L. R. A. (N. S.) 834; Chaffe & Brother v. Morgan, 30 La. Ann. 1307; Dawson v. Thorpe, 39 La. Ann. 366, 1 So. 686; Spencer v. Goodman & Bradfield, 33 La. Ann. 898. For this reason I am of opinion that the purchaser of the timber is not a necessary party to this litigation.

On Motion to Dismiss.

[4] As to the motion to dismiss, it appears that the retransfer of the property in Acadia parish was by a separate deed, both in the first and second instances, and hence can in no wise be affected by the two other contracts. I see no reason, therefore, why the bill should not be dismissed to that extent; and it is accordingly so ordered.