THIBODEAUX'S HEIRS *vs.* THIBODEAUX.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. LANDRY.

In settling a community between a surviving partner and the heirs of the deceased, reference must be had particularly to the situation of the affairs of the community at the time of its dissolution. *No evidence will be received* of the amount of property in possession, after the dissolution of the community, *except at the time ;* nor at the time of the second marriage of the surviving partner.

This is an action by the legitimate heirs of the deceased wife of the defendant, in right of their mother, in which they claim an amount, say fifteen hundred dollars, alleged to be part of the community property existing between their late mother, and the defendant, their father, as her half of the community existing at her death. They allege, that at the death of their mother, there was no inventory taken, and that the defendant has since intermarried with another woman, and refuses to settle with them ; and that he estimates his separate property which he brings into the second marriage at

WESTERN DIST.
*September,* 1840.

THIBODEAUX'S
HEIRS
*vs.*
THIBODEAUX.

three thousand dollars. They insist that the estimated amount is not the real one; that there was community property at the death of their mother, their half of which was worth at least fifteen hundred dollars. They pray that a settlement take place, and that the defendant be condemned to pay over whatever amount be ascertained to be actually due.

The defendant pleaded a general denial, and averred that, in 1831, he intermarried with the plaintiff's mother, all of whom, except the youngest, were born out of wedlock. That he brought into marriage five thousand dollars, and their mother nothing, either at the time or during marriage. That during marriage, there were no acquests and gains, but, on the contrary, losses; and the deceased left no property. That on his second marriage, in 1836, he brought in property valued at three thousand dollars; and that, whatever may have been the actual value, it was all his separate property. He prays that the plaintiff's demand be rejected.

There were several witnesses examined touching the amount and character of defendant's property during the marriage, and at the beginning of second. The judge of probates was of opinion the plaintiffs showed no community property existing during the first, or beginning of the second marriage. There was judgment for the defendant, and the plaintiffs appealed.

*Linton,* for the plaintiffs.

1. The plaintiffs, the offspring of defendant's first marriage, having been legitimated by a subsequent marriage, have the same rights as if born during marriage. *Louisiana Code, article* 219.

2. The court below erred in permitting the defendant to contradict, by evidence, his marriage contract with his second wife. It is a notarial instrument, and the recital and acknowledgment that he brought so much to the second marriage, was binding upon him in favor of the heirs of the first. *Louisiana Code, articles* 2233–4; *Starkie on Evidence, vol.* 3, *p.* 1020.

WESTERN DIST.

September, 1840.

———————

THIBODEAUX'S
HIERS
*vs.*
THIBODEAUX.

*Voorhies,* for the defendant, said there was no evidence in the record explaining or contradicting the marriage contract with the second wife of the defendant. It was the plaintiffs who attempted to introduce it, but it was properly rejected. .

2. The only question at issue is, the amount of the community property. It is shown, that community commenced with the marriage, and terminated with its dissolution ; consequently, it was only competent for the plaintiffs to show the property owned, by either of the parties, at the time it was contracted, that received while it continued, and that existing when it was dissolved by the death of the wife.   *Louisiana Code,* 2369–70 *; 7 Louisiana Reports,* 221; 9 *Idem.,* 538 ; 10 *Idem.,* 25 ; 3 *Martin,* 119–20–21.

*Simon, J.,* delivered the opinion of the court.

The object of this suit, is the settlement of the community alleged to have existed between the defendant and the plaintiffs' mother, and the recovery of whatever sum may be found to be due said plaintiffs in right of their said mother.   The petition does not specify any particular property belonging to the community, and the plaintiffs' claim appears to be predicated solely on an acknowledgment made by defendant in his marriage contract with his second wife, that his estate consists in sundry property estimated at three thousand dollars.

Defendant avers in his answer, that when he contracted marriage with plaintiffs' mother, he had property to the amount of five thousand dollars ; that his first wife brought nothing into the marriage, nor did she receive any kind of property during said marriage, either by inheritance, donation, or otherwise.   He further states, that far from there being any acquests and gains, his own estate had diminished in quantity and value, so that, at the time of the dissolution of the marriage, there being no property in community, there was no necessity for any inventory.

On the trial the plaintiffs attempted to show, by witnesses, the amount of property which the defendant had at the time of his second marriage, and the evidence having been objected to, was rejected by the court.   In settling a community be-

tween a surviving partner, and the heirs of the deceased, it is clear that reference must be had particularly to the situation of the affairs of the community, at the time of its dissolution; and between husband and wife, although the effects, reciprocally possessed by them at the dissolution of the marriage, are presumed to belong to the community, yet this presumption must yield to proof of the contrary; *Louisiana Code, article* 2374. In order to arrive at this proof, and to a fair settlement of the rights of the parties to the community, it is necessary to consider, 1st, the property which the spouses had at the time of their marriage : 2d, That which they received or acquired during the marriage; and 3d, The property and effects which they reciprocally owned and possessed at its dissolution. 7 *Louisiana Reports*, 221. We are unable to perceive what weight the evidence of the amount of property, which the survivor possessed at the time of his second marriage or at any other subsequent period, can have on the decision of this cause ; if his estate had increased since the death of his first wife, her heirs cannot set up any claim to it under the well known rule of law, that the community ceases by the decease of one of the partners. The evidence was certainly irrelevant, and the court below did not err in refusing to permit its introduction.

On the merits, we are satisfied that the evidence fully justifies the defendant in his position ; that there was no necessity for an inventory ; the whole of the property he possessed was his; there were no acquests and gains; nay, it is even shown that he was worth four hundred dollars less at the time of the death of his first wife, than he was when he married her, and the plaintiffs have adduced no proof to the contrary.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

WESTERN DIST.
*September*, 1840.

THIBODEAUX'S
HEIRS
*vs.*
THIBODEAUX.

In settling a community between a surviving partner and the heirs of the deceased, reference must be had particularly to the situation of the affairs of the community at the time of its dissolution. No evidence will be received of the amount of property in possession, after the dissolution of the community, *except at the time ;* nor at the time of the second marriage of the surviving partner.