The opinion of the court was delivered by
Breaux, J.
The plaintiff and the defendant were married on the 27th of November, 1870.
The wife sues (1) for a separation of property and the dissolution of the community; .(2) for resumption of the administration of her paraphernal property.
The decision of the District Court denied the separation of prop *1058 erty, but it is favorable to plaintiff’s application for resumption of the administration of her paraphernal property.
The defendant’s answer is a general denial; specially denies the; right to dissolve the community, but does not deny the right of' plaintiff to resume the control of the administration of her paraphernal property.
He sets up a reconventional demand for the amount of community and separate moneys expended in payment of paraphernal debts and enhancement in value of the paraphernal property contributed by his labor, skill, and by his separate estate, and asks for a moneyed judgment thereon.
' The reconventional demand was dismissed. From this decision plaintiff in reconvention appeals.
. There is no evidence in the record to support the allegations of the petition with reference to the disorder of defendant’s affairs, without which the law does not give to the wife an action against her husband for the dissolution of the community.
In addition, counsel for plaintiff relies exclusively on the second cause of action, that is, for the resumption and control of the paraphernal property, and the first, i. e., for separation of property,, ia abandoned.
The questions arising in this appeal are what property constitute» the separate estate of the wife, and of which she should have the management as her separate property; and whether defendant can reconvene for paraphernal debts paid with community funds and obtain judgment against his wife in reconvention when she asks only for the resumption of the control and administration of her. paraphernal property?
The record discloses the following with reference to plaintiff’s title to paraphernal property:
At the death of her mother the plaintiff and her sister inherited Eclipse plantation, and other property, described in the inventory of the succession. The latter sold to the former her undivided half of their mother’s succession, and by this conveyance the indivisión of the property was made to end, and the plaintiff became the owner of all the property inherited by the two sisters.
A short time after, plaintiff, with the written consent of her husband, the defendant, petitioned to be placed in posssesion of the. property of her late mother as sole heir.
*1059 She assumed the payment of the debts and accepted the succession unconditionally.
She was duly placed in possession.
1. In a suit against the plaintiff and her husband, the record of which is in evidence, this plantation is described as the property of the plaintiff, and judgment was rendered against her, decreeing a mortgage on the property. '
2. In an act of sale, dated the 13th day of November, 1878, again the plantation is declared to be the property of plaintiff.
3.. In another sale made about the same time a similar declaration is made.
4. Also in an authentic act of partnership,
It has always been considered and treated by the husband as the wife’s property. The court in two judicial proceedings and in two judgments, to which he was a party, decreed that it is the separate and paraphernal property of the wife.
In his answer it is alleged strictly in accordance with the rights of plaintiff and the facts “that the'property described in plaintiff’s petition, and known as the ‘Eclipse Plantation,’ is the paraphernal property of the plaintiff partly by inheritance, but not entirely, as alleged in plaintiff’s petition, the one-half interest therein having been purchased from her sister and co-heir for the sum of $1000.”
This is the only property she now claims as her paraphernal property.
While examining into the facts and summarizing them, as well state at this time, that the plaintiff in reconvention introduced in evidence testimony without objection in support of his claim, which js now one of the grounds upon which he relies to maintain his demand.
His counsel also called him to the witness stand for the purpose of proving the averments of his reconventional demand, including doubtless the $575, his alleged separate rights, paid to improve plaintiff’s property. To this testimony the plaintiff objected on the ground that the husband is not a competent witness for or against his wife, and that the husband administering the paraphernal property of his wife and who is the head of the community is not an agent in the sense of Act 59 of 1888. This was the only testimony offered to prove the separate claim of defendant in the original suit. The objection was maintained.
*1060 In preparing the foregoing statement of the case we did not find an allegation of agency or any averment that any transaction arose from, or was involved in, or was connected with, an act of agency of the husband administering the paraphernal property.
There is no pleading with reference to any act of express mandate.
The relations existing between plaintiff and the defendant are not Included in the exceptions in the Act 41 of 1888, as enabling the husband to testify for or against the wife’s interest under the circumstances of the case at bar.
He administered the property, not as agent of the wife, but as head of the community.
The tacit mandate under which he acted is not that contemplated by the exception. The evidence was properly excluded. The reconventional demand is exclusively for an amount due to the community.
There is before us no question of any separate interest on part of the husband. None was proven.
It is urged upon our consideration in support of the position that half of the property is community, and that therefore the wife can recover the administration of only half; that as a general rule the law considers, as common property, all property acquired by husband and wife during marriage, although the title be taken in the name of •one only, and that if the wife claims property so acquired as hers individually she must establish her pretensions by legal proof.
The plaintiff has established her title to “Eclipse Plantation.”
Not a particle of evidence has been offered for the purpose of proving the incorrectness of the declarations in the different deeds that the property is hers.
The defendant now asks to have it declared that half the property belongs to the community.
He has solemnly declared that it is the separate property of his wife.
In his answer he- affirms that which he before averred; that is, that Eclipse plantation is the separate property of his wife.
The law presumes a community of acquets and gains in every marriage, but that presumption will not prevail against solemn acts and judicial decrees fixing the ownership in the name of the wife.
*1061 The plantation claimed belonged to plaintiff. 21 An. 83; 35 An.. 33; 41 An. 244.
Lastly, it is urged that the reconventional demand should not have been dismissed; 'that plaintiff, as head and master of the community,, has right to judgment against the paraphernal property. It is undeniable that during the existence of the community the husband can not sue his wife either directly or by way of reconvention for debt. ■ He can not recover judgment even with her consent. Hotard vs. Hotard, 12 An. 145; Marcade, tome, 5 p. 571.
The plea in reeonvention has no title to special favor. If the husband could recover judgment, it would become executory whether by direct action or by way of reconvention. The property of the wife- could be sold to satisfy the judgment. On dissolution of the community the separate property would have been absorbed, and the wife no longer the owner. At any time it might please the husband suit could be brought, judgment obtained, and the separate property sold, thereby defeating the intended protection of the law, and leaving the property to the unrestrained speculation of the husband and, possibly, of his creditors.
If such judgments were legal during the existence of the community, the property of the wife would be in easy reach of the husband’s creditors in direct violation of a prohibitory law; for community claims might be used to destroy the separate rights and change the ownership of her separate property. If the husband could at this time obtain a judgment on his reconventional demand, there is no law which would prevent him from recovering at any other time during the existence of the community.
The community rights must remain in abeyance, to be settled by a general casting of accounts, when the community will be dissolved. The wife can at that time renounce.
A reconventional demand can not be made which will defeat her right of renouncing.
The effect of the renunciation is to place the husband and wife in the situation they would be in, had no community ever existed between them. Johnson vs. Pilster, 4 R. 76; Brassac vs. Ducros, Ib. 335; McDonough vs. Trepe et al., 7 N. S. 69.
The husband and the wife are equally liable for the debts contracted during the community. O. C. 2409.
*1062 The wife may be relieved from paying any part of these debts by renouncing the community. C. C. 2410.
She loses her rights to the community assets, but she retakes her paraphernal property. C. C. 2411.
In order to arrive at a fair settlement of the rights of the parties to the community, it is necessary to consider the property which the spouses had at the time of their marriage; that which they received or acquired during the marriage, and the property and effects they reciprocally owned and possessed at its dissolution. Broussard vs. Bernard, 7 La. 217.
. In settling the community reference must be had to its condition at its dissolution. Thibodeaux vs. Thibodeaux, 16 La. 43.
The intended protection of the community by these articles of the Civil Code, and the jurisprudence on .the subject, would at times be of little avail if intervening judgment could be obtained, such as now sued for.
A question similar to the one under consideration was decided in the case of Bartoli vs. Huguencaud, 39 An. 413.
That suit was instituted to recover from the wife one-half of the alleged profits realized during the community on her separate property community under the administration of the husband. None of the property remained. The effect would have been to take from the wife’s separate property enough to satisfy his claim. The court held in that case that the interest of the wife attaches at the dissolution of the community, and that a prior condition of affairs of the community could not be taken as a basis for settlement. See also C. C. 2430, 2431.
In the ease at bar a community right is made the ground for a reconventional demand prior to any dissolution of the community. The case of Joly vs. Weber, 35 An. 808, is confidently quoted by counsel in support of the reconventional demand. In that case there was a marriage contract between the parties in which a community of acquets and gains was stipulated. It was stipulated that each spouse should pay his and her respective debts existing before the marriage. .
The amounts claimed were due by the succession of the first husband, and part of them by the wife prior to her marriage, which she, in the marriage contract, had obligated herself to pay.
It was decreed that the wife as tutrix should be made to pay the *1063 amount she owed in that capacity, and that the sums due by her personally (prior to the marriage) should be paid in accordance with the terms of the marriage contract.
Defendant’s counsel states that it is trué under the French law debts due to or by the community can only be settled after the dissolution of the community, but that this principle is distinctly based on the Articles 1468 and 1478 of the Code Napoleon, and that in the Louisiana Code there are no articles corresponding to these.
The difficulty is not in finding laws specially and in terms operating a prohibition of the suit for a community claim against the wife during the existence of the community, as there are in France, but in reaching the conclusion in. accordance with the policy of the law regulating the community under the laws of Louisiana, that a judgment can be obtained against the wife as prayed for in this case.
If the husband has a right to a part of the community before its ■dissolution, and to a judgment therefor, a fortiori, the wife should have a similar right.
But she is absolutely prohibited from sueing her husband as long as the marriage continues, except it be to obtain a separation from bed and board or for a separation of property or for the restitution and enjoyment of her paraphernal property. ' C. P. 105.
She has a similar interest to that of the husband in the community, .and yet she can not secure judgment for any part of the community before its dissolution, but the husband can if the theory submitted to our consideration be correct.
But this special right has not been conferred on the husband. He ■can not recover judgment, for “the partnership or community consists of the profits of all effects of which the husband has the administration and enjoyment,” C. O. 2402, “and the debts contracted during the marriage enter into the partnership or. community of gains, and must be acquitted out of the common fund,” C. C. 2403, and at the dissolution of the marriage and of the community, “the ■effects which compose the partnership or community of gains are ■divided.” Art. 2406, C. C.
Our conclusions make it unnecessary to expressly decide the effect *1064 or non- effect- of the testimony admitted without objection, which was offered and admitted for the purpose of proving the reconventional demand. • •
The law in its policy does not admit such a judgment, and the evidence does not cure the illegality of the plea for alleged debts which may have accrued during the existence of the community.
Each proposition for the defendant has received our careful consideration, the more so as it appears that he has industriously worked a number of years.
The witnesses testify that he has labored faithfully and with some skill in repairing the separate estate of his wife, and that it has been improved by his management.
We must bear in mind that “laws do not relate to solitary cases, but to what passes in the ordinary course of affairs,” and in its application our conclusions are that it is not possible to entertain the plea in reconvention.
Judgment affirmed.