LAND, J.
 

 The community existing between George J. Pelke and his wife, Mrs. Wilhelmina Mackenroth, owns certain movables, and a piece of improved real estate, bearing the municipal number, 4052 Baudin street, in the city of New Orleans.
 

 After obtaining a divorce from her .husband, Mrs. Mackenroth brought the present suit for the partition of the community property. She prayed for a partition of the movables in kind and of the real estate by Imitation.
 

 Defendant in his answer admitted that all of the property described in plaintiff’s petition, except shares of stock in the Suburban Building & Loan Association, belongs to the community. With this exception, defendant does not contest in his answer the right of plaintiff to the partition, nor the manner of making it, but alleges that plaintiff acquired on August 31, 1900, as her separate property, a certain portion of ground, with all buildings and improvements thereon, and known as municipal No. 601-603 Robert street in the Sixth district of the city of New Orleans.
 

 Defendant further alleges in his answer that he contributed $591.43 towards the payment of the purchase price of $2,500 for this property, and that, since the date of purchase, the property has enhanced in value.
 

 Defendant then claims in reconvention a half interest in the community property to be partitioned; the sum of $591.43, advanced by him.as part of the purchase price of the separate property of his former wife; and also such sum as may equal the enhanced value of this property in excess of the purchase price.
 

 A judgment was signed April 5, 1928, recognizing plaintiff and defendant as the owners in indivisión, not only of the community, property described in plaintiff’s petition, but also of the separate property of plaintiff, described in defendant’s answer and reconventional demand.
 

 This judgment also decreed a partition in kind of all of this property.
 

 On February 4, 1929, plaintiff brought an action against defendant to annul this judgment on the ground of fraud.
 

 A judgment was signed June 4.8, 1929, rejecting plaintiff’s demand and dismissing her suit.
 

 From both of these judgments plaintiff has appealed.
 

 It is admitted by defendant in his brief that: “The sole issue is the status of the Robert Street real estate.”
 

 It is also admitted that: “Defendant does not deny the paraphernal origin of this property. The act of purchase, wherein defendant had intervened, carried legal proof of that fact. What defendant claims is: The refund of the amount contributed by him to the purchase price and the one-half share of the excess or difference between the original price or cost and the enhanced value.” Defendant’s brief, pp. 5 and 6.
 

 These admissions make it unnecessary for us to review the action of nullity, which had for its sole object the judicial recognition of plaintiff’s claim to the Robert street property as her separate or paraphernal estate.
 

 As defendant borrowed the amount contributed by him to the purchase price of the Robert street property during the existence of the community, it is a debt of the community, for one-half of which defendant is re
 
 *845
 
 sponsible, and, for this reason, defendant is entitled to recover only one-half of the sum so advanced, or the sum of $295.71.
 

 It is provided in article 2408 of the Civil Code that: “When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one-half of the value of the increase or ameliorations if it be proved that the increase or ameliorations be the result of the common labor, expenses or-industry ; but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade.”
 

 Defendant testified that during their ' married life of twenty-six years his wife had no other income except his salary, and that she had used the rents from her separate property to improve same.
 

 Defendant contends that the continuous giving of his earnings into the keeping of his wife during the existence of the marriage constitutes “the common labor, expenses or industry,” as defined in article 2408 of the Civil Code, and that the wife may not claim, therefore, the entire increase or improvement of the separate property made during the marriage, but that defendant is entitled to one-half of the value of such increase or amelioration.
 

 We cannot concur in this view of the case. In Bartoli v. Huguenard, 39 La. Ann. 416, 2 So. 196, 197, 6 So. 30, it is said: “The matrimonial community is not a partnership. Rev. Civil. Code, 2807; Succession of Cason, 32 La. Ann. 792.
 

 “Therefore there can be had no reckoning, as between the members, intei sese, as to the quantum of labor bestowed or capital by either withdrawn. The legal import of the words ‘community property’ is a community of property.”
 

 Not one cent of community funds was used for the improvement of plaintiff’s separate estate. On the contrary, plaintiff secured the tenants for the property herself, collected the rents, made contracts for improvements, and paid for same out of the rents. Her paraphernal property was entirely under her separate control and administration at all times. Under these circumstances, defendant is not entitled to recover one-half of the enhanced value of the property as a community asset.
 

 Defendant has answered the appeal, and alleges:
 

 (1) That the judgment of the lower court, recognizing plaintiff and defendant as owners in indivisión of the community property, is correct, and should be affirmed.
 

 (2) That said judgment should be amended so as to decree partition by licitation, and, as amended, should be affirmed.
 

 (3) That said judgment should be further-amended so as to recognize defendant and appellee entitled to reimbursement of the funds, loaned by him for the purchase of the Robert street property, and to a one-half interest or share in the difference between the purchase price and the enhanced value of the property.
 

 (4) That the judgment of the lower court, dismissing the action of nullity, should be affirmed.
 

 Defendant claims in his answer, as his separate property, the shares of stock in the Suburban Building & Loan Association. But we fail to find any evidence in the record to support defendant’s claim. The presumption is, therefore, that' this stock is community
 
 *847
 
 property, as it was purchased during the marriage of defendant to plaintiff.
 

 It is ordered that the judgment of April 5, 1928, appealed from, be annulled and reversed.
 

 It is now ordered that plaintiff and defendant be recognized as owners in indivisión of one-half each of the shares of stock in the Suburban Building & Loan Association, and of all property, movable and immovable^ described in plaintiff’s petition and in the inventory taken before William Boizelle, notary public for the parish of Orleans, and filed in the lower court November 1,, 1927.
 

 It is further ordered that there be judgment in favor of defendant and against plaintiff for the sum of $295.71 for his part of the price advanced for the purchase by plaintiff of the property, municipal No. 601-603 Robert street, in the city of New Orleans, and that there bo judgment in favor of plaintiff and against defendant decreeing said property to be the separate and paraphernal estate of plaintiff.
 

 It is further ordered that there be judgment herein decreeing a partition by licitation of all of the property, movable and immovable, hereinabove referred to, and that said property be sold for cash by Norman De Reyna, auctioneer in the city of New Orleans, to the last and highest bidder, after due advertisement and all legal delays, and according to law, in order to effect a partition, and that plaintiff and defendant be referred to William Boizelle, notary public, for the purpose of completing said partition, in accordance with the views herein expressed.
 

 It is further ordered that the cost of this suit, and of the partition proceedings, be equally divided between plaintiff and defendant.