## No. 2711.—M. Frank v. D. C. Hardee.

A purchaser of real estate assumed the payment of certain mortgage notes as a part of the price. He afterwards obtained from the holder, by an instrument i₁ writing, an extension of the time of their payment. Held—That the extension of time of payment of the notes by a contract in writing was not a novation of the notes and mortgage.

The averments in an exception which has been taken as an answer to the merits, are judicial admissions, which binds the party making them, and judgment may be rendered on such admissions, on motion, without a regular trial on the merits.

APPEAL from Fifth District Court, parish of East Feliciana. *Posey*, J. *Kernan & Lyons*, for appellee. *K. A. Cross* and *J. McVea*, for appellant.

Wyly, J. In 1865, the defendant bought from Mrs. Jewell a house and lot in Clinton, Louisiana, assuming, as part of the price, the payment of certain mortgage notes, bearing on the property held by the plaintiff, the original vendor. He subsequently came to an agreement, in writing, with the plaintiff, in which it was stipulated that after paying the balance due on one of the notes assumed by him, he was to have an extension of time on the other two, so as to make one-third thereof payable November 1, 1866; one-third November 1, 1867, and one-third November 1, 1868; the plaintiff, however, was to retain the mortgage notes, and enter credit thereon as the installments were paid.

The defendant failed to comply with his stipulations, and the plaintiff instituted this proceeding on the two mortgage notes to foreclose the mortgage, and to recover a personal judgment against him.

The defendant filed what he terms an exception, stating that the obligation, arising from his assumption of the notes had been extinguished by novation; that by an agreement had with the plaintiff subsequent to said assumption, the nature of said debt had been changed by extending the terms of payment so as to make one-third thereof to fall due first of November, 1866, one-third first of November, 1867, and one-third first November, 1868. On motion of plaintiff's counsel, the exception was taken as an answer on the merits; the defendant then filed an amended answer, repeating the averments of the exception, and setting up equities in favor of recovery on his obligation arising from his assumption of the mortgage notes.

The plaintiff moved to strike out the allegations inconsistent with the exception, and for judgment on the judicial admissions contained in the exception taken for an answer. The court granted the order so far as to strike out the inconsistent averments, and proceeding to trial on the merits, gave judgment for the plaintiff. The defendant has appealed.

An examination of the record has satisfied us that there is no merit in the defense. The agreement extending the time was no novation; the averments of the exception taken as an answer, were judicial

admissions sufficient to entitle the plaintiff to judgment on motion without a regular trial on the merits. They substantially admitted the liability of the defendant, but averred the extension of the terms of payment of the two notes till the first of November, 1866, first of November, 1867, and first of November, 1868. When the plaintiff moved for judgment in conformity to the terms averred by the defendant, there ceased to be any issue to be tried; it was too late then to ask for jury trial or set up new issues; the court should have given judgment on motion. 4 R. 144; 5 R. 447; 4 An. 407; 11 An. 746; 20 An. 137. We are satisfied that this appeal was for delay, and that. there is no serious defense to the case.

The plaintiff has asked for damages for frivolous appeal, and we think he should have them.

It is therefore ordered that the judgment appealed from be affirmed;. and that the plaintiff recover of the defendant one hundred and fifty dollars damages for frivolous appeal, and costs of both courts.