## No. 7.

### JOHN B. DURHAM VS. JULIA WILLIAMS, TUTRIX, ET AL.

The general denial and plea of Novation set up in Defendant's Answer, are not inconsistent
in this case, because it is the legal consequences of the facts alleged by Plaintiff, that De-
fendants deny ; and the special defense of Novation is only pleaded in the alternative.
In such a case, the Plaintiff is not relieved from the necessity of proving his allegations.
The Plaintiff, having in previous suits alleged that the consideration of the debt now sued
upon, enured to the benefit of another party, is estopped from alleging and proving that
it enured to the benefit of the present Defendants.

APPEAL from the First Judicial District Court, parish of Caddo.
Taylor, J.

Land & Land for Plaintiff and Appellee :

First—Admissions in the answer relieve plaintiff from proving his de-
mand, and throw on defendant the *onus* of establishing his defense.
So the pleas of payment, *novation*, or compensation, admit the ex-
istence of the debt, whose continuance will be presumed, and
plaintiff will have judgment, unless defendant make good his plea.
3 N. S. 273 ; 12 L. 397 ; 14 L. 372 ; 48 L. 6 ; 14 A. 54.

Second—The legal effect of a *special defense* cannot be avoided by a
reservation in the answer, that the party does not intend thereby to
waive the general issue. 14 A. 868.

Third—Where a tutor gives his *individual* notes for the amount of an
account against the minor, there is *no novation*, and prescription is
interrupted on the account. 12 A. 299, 840. The delegation of an-
other debtor does not operate a novation, unless the creditor has
*expressly declared* that he intends to discharge the original debtor.
This is a case where a mortgage note was given and sued on. 11
A. 39 ; C. C. 2192.

Fourth—One who files a special plea is to be judged on that plea, and
none other ; all else is admitted. 9 A. 528.

Fifth—The evidence does not show any *express declaration* or *intention*
on the part of the plaintiff to discharge the defendants.

Alexander & Blanchard for Defendants and Appellants :

Plaintiff, as merchant and cotton factor, dealt largely with Julia Williams
and husband, in their individual capacity, for a period of time run-
ning through four years, during which time Mrs. W. and husband
were engaged extensively in planting on a place belonging to her
and her minor children, by a former marriage, in the proportion of
about one fourth to her, and three fourths to them. The debit side
of these transactions ran up to over $39,000, and the credits to over
$32,000. For the balance in favor of the plaintiff, something over

$7000, he took the individual notes and draft of Mrs. W. and husband, and receipted the accounts as "paid" and "settled." The notes not being paid, he instituted suit on them against Mrs. Williams individually, alleging the indebtedness to have enured to her separate benefit. Subsequently, he goes back over the entire mass of accounts, *culls* from some such items as he thinks he can prove enured to the benefit of the minors, groups them in one account made out against Mrs. Williams as tutrix of the minors, and then brings this suit. He cannot recover :

First—Because the debt is that of Mrs. Williams and husband, and not of the minors.

Second—Because plaintiff cannot be heard to contradict the allegations of his suits against Mrs. Williams on the notes, by alleging and proving the indebtedness enured to the benefit of the minors, instead of to her.

Third—Because the minors' share of the credits received by Durham far overbalance that part of the indebtedness, if any, which enured to their benefit.

Fourth—Because their share of a reasonable rent of the place would far overbalance any claim he has against them. Having received all the cotton raised on the place, he should be considered as having received the rents belonging to them, knowing, as he did, that the greater part of the place was theirs.

Fifth—Because the claim, as to the minors, is novated.

———

The opinion of the Court was delivered by

Poché, J. The minor heirs of B. F. Hollingsworth are sued in this case on an open account for the sum of $4802 40, for a debt alleged to have been contracted with plaintiff, for account of said minors, by their natural tutrix, Julia Hollingsworth, now the wife of F. R. Williams, the co-tutor of the minors. Plaintiff alleges that the debt sued on enured to the benefit of the defendants, minors, in cultivating and improving their plantation situated in the parish of Bossier ; and he also claims a sum of $28 50 in re-imbursement of taxes paid by him, for their account, on their property in the city of Shreveport.

This petition is met by defendants in an answer and supplemental answer, in which they urge the following pleas and defenses :

They begin by denying generally all of plaintiff's allegations.

They then specially deny any indebtedness on the part of said minors to plaintiff, and allege that all business transactions and accounts made and carried on, touching the plantation owned in part by the Hollingsworth minors, were with, in the name, and for the individual account of F. R. Williams, and his wife Julia Williams, who cultivated

the plantation for their own advantage in the years 1874-5-6-7-and-8, and dealt with plaintiff as their factor and commission merchant during this time, carrying with him an annual running account, from which were selected for the purpose of this suit the various items making up the account now claimed by plaintiff from said minors.

And they conclude with the allegation, that if said minors were ever indebted to plaintiff, which they specially deny, that such indebtedness was extinguished by novation through the acts of plaintiff, who accepted in, settlement of his balance of account, the individual notes of Mrs. Julia Williams and her husband. The judgment of the lower court was in favor of plaintiff for the sum of $909 97, from which defendants have appealed, and urge its reversal, and plaintiff, joining in the appeal, prays that the judgment be amended so as to allow him the full amount claimed in his petition.

At the threshold of the case we are met by a motion filed by plaintiff, who moved to strike out the plea of novation filed by defendants, or to order them to elect between the general denial and the plea in novation, for the reason that the two pleas are inconsistent and contradictory.

This motion was refused by the district judge, and the cause was tried on the two pleas. On appeal, plaintiff earnestly urges the grounds of his motion, and contends that the plea of novation waives the general denial, and that the burden of evidence is on defendants to maintain their plea of novation, in default of which plaintiff is entitled to his judgment, and is relieved from the necessity of administering proof of his account, and of the averments of his petition.

The judge who rendered the judgment (who was not the same who had previously overruled plaintiff's motion to strike out), adopted plaintiff's legal proposition, and based his judgment thereon. In his opinion, after reviewing the evidence on the question of the minors' indebtedness to plaintiff, he says : "Under the circumstances of this case, I should not hesitate to relieve these minors if they had contented themselves with pleading the general issue. But they have pleaded novation, and this plea waives the general denial, and imposed upon them the burden of showing that the debt sued on has been extinguished." The judge then concludes that plaintiff having accepted in part payment of his claim a mortgage note of $3500, executed by Mrs. Julia Williams, he thus novated his claim *pro tanto*, and the judge concludes that the minors are bound for their share of the balance, which he decrees against them.

As the proper solution of the status of defendants' plea underlies the whole difficulty of the case, we must dispose of that question at once.

We are constrained to differ with our learned brother of the district court in his conclusion on this feature of the pleadings. We are of opinion that the two pleas as interposed by defendants are not inconsistent.

Defendants' plea of general denial is not leveled at averments of simple facts, but at allegations of facts pregnant with a legal proposition or deduction. They do not deny the existence of the account sued on, nor the averment that the items charged therein were furnished to their plantation, but they deny that such an account, such dealings, and such transactions could, by operation of law, make them the debtors of plaintiff; but they aver that if such an indebtedness can be legally deduced from such state of facts, that the indebtedness has been extinguished by novation in the manner suggested in their answer.

This plea is merely in the alternative, and has been sanctioned by our jurisprudence in many instances.

In 4 N. S. 492, the defendant urged in defense payment of the note sued upon, and want of consideration, and the court held the pleas good.

In 25 A. 185, plaintiff sought to annul a mortgage on the property of Labatut in favor of the parish of Pointe Coupée; the defendant answered by denying that the land was owned by Labatut, averring that it was the property of the succession oi Zénon Porché, and concluded by averring that the mortgage was valid and binding, and it was held that the pleas were not inconsistent.

In 10 A. 539, defendant pleaded the general issue, which put at issue the employment of plaintiff, and then admitted that plaintiff had done work for him, but averred that he had paid for the work, and the court ruled that the general denial was not waived by the plea.

In 12 A. 17, the court uses the following language: "In Barry vs. Kimball, 10 A. 787, we declared the rule to be, both upon principle and authority, that a consistent answer, which does not admit that the defendant ever incurred a legal liability to the plaintiff, could not relieve the latter from the necessity of proving his demand; but that an answer which admitted the former existence of such an obligation, and averred its extinguishment or discharge, would dispense the plaintiff from any preliminary proof of the obligation, and impose upon the defendant the burden of proving the matters pleaded in discharge."

Similar rulings, with slight difference, were made in 17 L. 459 ; 16 A. 334. We have carefully reviewed all the authorities quoted and relied upon by the district judge as well as by plaintiff's counsel, and we fail to see that their position is at all strengthened by any of the rulings which they invoke.

In all these authorities the general denial was unqualified, and put at issue the absolute existence of a distinct and palpable fact, not en-

larged by a legal deduction, and defendants, proceeding to interpose a special plea, based upon the existence and verity of the very fact just denied, were correctly held to have waived the general denial.

For instance, in the case of 3 N. S. 75, quoted by the district judge, the defendant, in a suit on a written contract binding him to deliver a certain quantity of cotton, first pleaded the general issue, which necessarily denied the existence or making of the contract, and afterward pleaded that the contract, being synallagmatic, two copies had not been made according to law.

In 6 N. S. 226, defendant being sued for the purchase price of a tract of land, set up the plea of general denial, which carried with it the flat denial of any purchase, and in the same answer attempted to plead payment. If there had been no sale there could be no payment, and the pleas were, therefore, inconsistent.

In 14 A. 54, quoted by both the judge and plaintiff's counsel, defendant was sued for the price of repairs alleged to have been made to his schooner ; his plea of general denial denied the fact of any repairs having been made as alleged, and was inconsistent with the further pleas of payment, novation, and with a demand in reconvention.

We fully recognize and re-affirm the doctrine that an unqualified plea of general denial of facts alleged is waived by a plea which necessarily admits the existence of such facts. But the mere statement of the authorities quoted shows that they have no application to the case at bar, where the general denial had reference to a proposed legal deduction from an alleged state of facts, and partakes of the nature of a peremptory exception. And so of the other cases quoted by plaintiff's counsel. Our conclusion is, therefore, that plaintiff, in the progress of his suit, must meet the general issue, and prove up his claim. And in order, doubtless, to make assurance doubly sure, plaintiff, notwithstanding his assertion that the general issue had been waived by the plea of novation, proceeded to introduce evidence in support of his allegations.

But he was met by an objection from defendants to the introduction of any evidence tending to show that the items charged in plaintiff's account in suit had enured to the benefit and advantage of the minors, on the ground that in two suits against Mrs. Julia Williams, on notes executed by her to represent indebtedness covering the identical items contained in the account now charged against these minors, plaintiff had specifically alleged that the consideration of this very indebtedness had enured to the separate benefit of Mrs. Julia Williams, and of her separate estate. Defendants' objections were overruled by the district judge, on the ground that the objections went to the effect, and not to the admissibility of the evidence, and on the further ground,

Durham vs. Williams.

that plaintiff could sue Williams and wife on the contract created by their notes, and at the same time sue the minors on the ground that the consideration of the notes had enured to their benefit.

We cannot assent to this ruling of the judge *a quo*, and we hold that the objections should have been sustained, and that the evidence should have been excluded.

If, as plaintiff alleges in his two suits against Mrs. Williams, she and her separate estate had been benefited by the contract in suit, under and by the help of which she and her husband had been enabled to carry on their planting operations, how can he ask the court to decree that these contracts enured to the benefit of the minors, who were no parties to the dealings and transactions covered by these accounts, and whose share (19-24ths) of the plantation was being used in the planting venture without remuneration or compensation, and without the authority of law, as required in the administration of minors' property?

We are clear that the judicial declarations in the two suits against Mrs. Williams operated an absolute estoppel, in the way of plaintiff, from making the identical allegations against other and distinct parties, on the same cause of action. One proposition is conclusive of the other.

But if the evidence introduced by plaintiff had been legally admitted, we think that even then plaintiff would have failed to make out a case against these minors.

Both himself and his book-keeper, in their testimony, admit that his books contained no account or charges against the Hollingsworth minors, either in their name, or that of their tutrix, but that all these accounts were in the name of Mrs. Julia Williams and her husband in their individual capacity; that the account sued upon was made up after all these transactions had been closed on the books, by selecting here and there, from these long series of accounts, items which in plaintiff's opinion could show an indebtedness which he could enforce against the minors.

Plaintiff says himself that he had always believed that Mrs. Julia Williams owned in her own right more than one half of the plantation, and hence he had dealt with her in perfect security, until he discovered his error, and that she owned but 5-24ths of the property. It was then, and only then, that he began to tax his ingenuity for means to reach the minors, whom he had never before contemplated or considered in all his dealings in the premises.

He has, therefore, no claim whatever against them, save and except for the sum of $28 50, which he claims in re-imbursement of the taxes which he has paid for them on their property in Shreveport.

The view which we have taken of the cause enables us to do full justice to the parties, without an examination of or expression of opin-

ion on the plea of novation, or on the other bills of exception retained by defendants.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff's claim on the account sued on, against the minor heirs of B. F. Hollingsworth, be rejected; and it is further ordered that defendant do recover of the minors aforesaid the sum of $28 50; and, finally, that the defendants pay the costs of the lower court, and that plaintiff pay the costs of appeal.