(45 South. 138.)

No. 16,492.

DILZELL ENGINEERING & CONSTRUC-
TION CO., Limited, v. LEHMANN et al.

(March 4, 1907. On the Merits, Nov. 4, 1907.
Rehearing Denied Dec. 16, 1907.)

On Motion to Dismiss.

1. APPEAL—ORDER OF APPEAL.
   There was an order of appeal, as shown
by the minutes.

2. SAME—MINUTES TRUE UNLESS CONTRARY
   IS SHOWN.
   The minutes are the proper record of the
court. They are under the eye of the judge, who
takes part in the proceedings, and are at least
prima facie correct. In Edgerly v. Smith, 27
La. Ann. 97, the motion for an appeal with the
usual order appended was in the record. Here
it appears that it was in the record, and, be-
sides, copied as part of the minutes.

3. SAME—RETURN DAY WAS NOT SUGGESTED
   BY APPELLANT.
   The return day of the appeal, if improper,
was inserted in the order of the court by the
order of the court, and is the act of the court.
   The maxim is relevant: "Whatever is done
by the court is presumed to be rightly done."
   "Quæ in curia acta sunt rite acta agi præ-
sumuntur."

On The Merits.

4. CORPORATIONS — INSOLVENCY — RECEIVER-
   SHIP—PARTIES TO PROCEEDING.
   Individually the managers or the stockhold-
ers of an insolvent corporation in the hands of a
receiver are not parties to the receivership pro-
ceedings; and hence a suit to hold them liable
individually to the corporation must be brought
as a separate suit, subject to the rule of al-
lotment that prevails in the civil district court,
parish of Orleans, and cannot be brought as a
mere incident to the receivership proceedings.

5. PLEADING—PETITION—INCONSISTENCY.
   A petition which states the facts and draws
therefrom alternative legal conclusions, as that
the defendants are not incorporated, but, if they
are, then, etc., is not open to the objection of
inconsistency.

6. CORPORATIONS — ACT OF INCORPORATION —
   VALIDITY.
   Where an act of incorporation fulfills all
the conditions prescribed by the general incor-
poration law of 1904 (Act No. 78) incorporation
is effected, even though the intention was to
incorporate under the limited liability act of
1888 (Act No. 36) and the conditions prescribed
by the latter act are not fulfilled.

7. SAME—INSOLVENCY — ACTION AGAINST RE-
   CEIVER.
   A receiver cannot sue himself, and by our
law creditors may, for the satisfaction of their
claims, exercise the rights of their debtors
which the latter neglect or refuse to exercise;
hence the creditor of an insolvent corporation
in the hands of a receiver may bring suit for
the corporation against the receiver, and also
against associates of the receiver in the matter
out of which the liability of the receiver has
arisen.

8. SAME—LIABILITY OF STOCKHOLDERS.
   By article 266 of the Constitution the
shares of stock of a corporation issued without
value received by the corporation are null; but
the persons to whom the stock is thus issued
cannot invoke such nullity for escaping liabil-
ity to the creditors of the corporation for the
face value of the stock. They are estopped.

9. SAME—WHO ARE STOCKHOLDERS.
   Where stock is issued in that manner to
one person, with the understanding that the
issue is for the benefit of several, among whom a
distribution is to be made, all those who partici-
pate in such agreement, and in pursuance there-
of receive a part of the stock, are liable.

10. SAME—ACTION AGAINST—JOINDER.
    In such a case all the parties to the agree-
ment and who have received the stock may be
joined in one suit. There is among them a
unity of defense, if no other.

11. SAME—PREMATURE ACTION.
    Where all the known assets of an insolvent
corporation in the hands of a receiver have been
sold, and have realized no more than enough to
pay costs, a suit by a creditor to bring assets
into the corporation for the purpose of satisfying
its debts is not premature.

   [Ed. Note.—For cases in point, see Cent. Dig.
vol. 12, Corporations, § 1016.]

   Monroe, J., dissenting.

   (Syllabus by the Court.)

Appeal from Civil District Court, Parish
of Orleans; John St. Paul, Judge.

Action by the Dilzell Engineering & Con-
struction Company, Limited, against Gus
Lehmann and others. Judgment for defend-
ants, and plaintiff appeals. Affirmed in part,
and reversed in part.

William Lee Hughes, Gus Lemle, and Ben-
jamin Rice Forman, for appellant. Dinkel-
spiel, Hart & Davey, Charles Rosen, Edward
Rightor, Gilbert Louis Dupré, Jr., and An-
thony Joseph Rossi, for appellees. E. How-

ard McCaleb, Jr., for appellees Ciolina and Davies.

### On Motion to Dismiss.

BREAUX, C. J. The grounds of the motion are that there is no order of appeal, and that if there is such an order it is absolutely defective by reason of the fact that it was made returnable on the first Monday of February, 1907; that it should have been made returnable on the third Monday of January, 1907; that it was not suggested to the court, and that no order of the court was issued, showing that a later return day was necessary in order to enable the clerk to complete the transcript in time; that the record of the lower court will show that the return day fixed is the act of plaintiffs' counsel.

One of the counsel for appellant, by whom the petition for the appeal is written, and who presented it to the judge of the district court, took an oath that when he presented the motion for an order of appeal the amount of the bond and the return day for the appeal was left in blank, and that on presenting his petition he asked the judge to fix the amount of the bond, at the same time remarked to him that it was Friday, and that there would be only one-half day intervening before the third Monday of January, which was the 21st, and that immediately thereafter the judge fixed the amount of the bond and the return day and directed counsel to fill the blank with the amount of the bond for an appeal and with the date of the return day as fixed by the judge; that he immediately thereafter handed the order and the motion to the minute clerk to be entered on the minutes.

Taking up the first ground, it is evident that there was an order of appeal. The minutes show that the order of appeal was allowed. The order, which is copied in the transcript, showing that the judge granted the appeal and fixed the amount of the bond, is a part of the minutes of the case. It is a copy of the minutes, and as such sufficiently indicates that there was an order of appeal.

The minutes of the court are prima facie proof of the court's proceedings.

The statement before us is that the court granted the order of appeal and fixed the amount of the bond.

The second ground; that is, that the appeal was not made returnable on a proper day: The facts sworn to by counsel, the correctness of which are not questioned, amply prove that the order of appeal and the amount of the bond were fixed in accordance with the order of the court and under the immediate direction of the court. For good reasons the appeal was made returnable for a day mentioned in February. Had it been made returnable on the first date, it is evident that the clerk of the court would not have had time to prepare the transcript, as there was less than one day intervening.

If there was error, it was the error of the judge, and not one fatal to the appeal.

The motion for the appeal was made in open court, and the return day fixed. "Such an order, although made in compliance with the motion of the appellant's attorney, was the act of the court, and hence the error of it was not imputable to the appellant." Chaffe v. Heyner, 31 La. Ann. 594.

It is not ground to dismiss the appeal if the return day was fixed by the court. Chaffe v. Heyner, 31 La. Ann. 594; State v. Dellwood, 33 La. Ann. 1229; Bartoli v. Huguenard, 39 La. Ann. 411, 2 South. 196, 6 South. 30; Orleans & Jefferson R. R. Co. v. International Construction Co., 113 La. 409, 37 South. 10; Pearce v. State ex rel. Dist. Attorney, 49 La. Ann. 643, 21 South. 737.

The motion to dismiss is overruled.

### On the Merits.

PROVOSTY, J. This suit was dismissed in the lower court on exceptions of misjoin-

der of parties and no cause of action. By answer in this court defendants ask that the court maintain their other exceptions, viz.:

First, that the petition is vague and indefinite; second, that inconsistent causes of action have been cumulated in the same petition; third, prematurity; fourth, estoppel; fifth, want of jurisdiction, because the receivership of the defendant corporation is under another division of the court.

Plaintiff insisted in the lower court that the case should be disposed of on the face of the papers; but the court very properly allowed evidence to be taken on the exceptions of prematurity and estoppel.

The petition alleges that the plaintiff entered into a contract with the Athletic Park Amusement Company, Limited, and under said contract furnished labor and materials, on account of which there is now due petitioner a balance of $7,109.70; "that the defendants are liable in solido for said debt because they combined and conspired and associated themselves together for the purpose of carrying on amusements at the Athletic Park in the city of New Orleans, illegally holding themselves out to the public and to your petitioner as having a capital stock of fifty thousand dollars ($50,000), thereby perpetrating a fraud on your petitioner, and gaining from petitioner and others credit which they would not otherwise have gained," when in point of fact said Athletic Park Amusement Company, Limited, was not a corporation, for the reason that under the law under which it purports to have been organized (Act No. 36, p. 27, of 1888) an essential condition for its incorporation was a paid-up capital of about $5,000, and it never had a paid-up capital of more than $3,200.

The petition further, but only in the alternative—in case the court holds that said pretended corporation was not in fact a corporation—alleges:

First. That to the knowledge and with the acquiescence and participation of the said defendants the word "Limited" was not the last word of the name of the said corporation, nor used at its place of business and on its stationery in the transaction of its business, as required by section 2 of said Act No. 36, p. 27, of 1888, and that as a consequence each of the defendants is liable individually to petitioner for said debt.

Second. That the defendants were subscribers to the stock of said corporation, and (except Henry Lehmann) constituted themselves its board of directors and managed its affairs, and illegally and in violation of article 266 of the Constitution issued 602 shares of the stock of said corporation, of $50 each, to the defendant Ciolina as a consideration for the transfer to the said corporation of the charred remains of the buildings at Athletic Park after a fire that had occurred there, and of the lease of said park, and that beyond the yearly rent of $3,000, which, as part of the consideration of the transfer, the said corporation bound itself to pay, said lease and ruins were of no value, and had been acquired by said Ciolina for $600 or $700, and that the said stock was thus issued with the agreement and understanding between the defendants that it should be divided among them, and that said agreement was carried out, each of the defendants receiving part of said stock, and that in consequence of the foregoing each of the defendants became liable to the corporation for the face value of said stock; that, in case all the defendants did not become thus liable, then that the defendant Ciolina as subscriber to said stock became liable for the full amount thereof.

The petition further alleges that, through the procurement of the defendants, one of their number, Leopold, has been appointed receiver to said corporation, and has neglected and refused to sue for and recover, for the benefit of the creditors, the amount due by the said Ciolina for said stock.

The petition further alleges that the amount due the petitioner under said contract has heretofore been fixed and agreed to by a person acting as the president of the said corporation, who was also the agent of the defendants.

The prayer is for judgment against the defendants in solido, and, in the alternative, condemning them in solido to pay to the receiver of the corporation, for the benefit of the creditors of the corporation, the said $30,-100, or so much thereof as may be necessary to pay the debts of the corporation.

By supplemental petition the plaintiff amplified the allegation of a receiver having been appointed and further alleged that the said receiver was disqualified from bringing the present suit by reason of the fact that he could not sue himself.

The exception of want of jurisdiction is based on the fact that the receivership proceedings are pending in another division of the court. The exception has no merit. The present suit is not a proceeding within the receivership, having to be conducted as part of the receivership proceedings, but is a separate action against the defendants individually, falling under the rule of allotment. Individually the defendants are not parties to the receivership proceeding.

Nor is the exception of inconsistency better founded. The petition does no more than draw alternative legal conclusions from certain facts that are stated, and we can see no objection to this being done. It is no more than doing in one suit what might be done in two. If the plaintiff had sued the defendants individually on the theory of their not being incorporated, and had been defeated by proof of incorporation, nothing would have stood in the way of a second suit on the theory of the defendants being incorporated. Between such two suits there would have been no inconsistency whatever. There is no inconsistency in saying: "You are not incorporated, and therefore," etc.; "but, if you are incorporated, then," etc.

Cases might arise where joining two alternative demands in one petition, instead of urging them by separate suits, might cause complications, or confusion, or useless expense or delay; but in a case like the present, where the parties and the facts are the same on both demands, and the alternative theories are resorted to merely for the purpose of adapting the demand to the view which the court may take of the matter, we see no reason why the litigation should not be settled in one suit. Our jurisprudence on the subject of alternative demands is summarized in the following extract from Cross on Pleading, to which we see no necessity of adding anything.

"Hypothetical and Alternative Pleas. The court has laid down no definite rule governing hypothetical or alternative pleas, substantially opposed to each other. In one case the general right to rely on alternative pleas seems to be recognized by the statement that 'the plaintiff, having made his prayer in the alternative, was not called on to elect.' Smith v. Donnelly, 27 La. Ann. 98. And it has been held that, where the answer alleged that, if any alteration was made in the contract, it was made with plaintiff's consent, this plea authorizes proof of a change with his consent (Mathias v. Lebret, 10 Rob. 94); and where lessors, sued by their tenants for disturbance, pleaded that if any disturbance had occurred, which they denied, it was caused by said tenants or by parties by whose action they were bound, it was held that they were entitled to a trial on that issue. Castaing v. Improvement Co., 5 Rob. 177. And, as it is held that errors as to the legal rights of parties may be corrected by an amendment, even after appeal (Smith v. Mechanics' & Traders' Bank, 6 La. Ann. 625), it would seem that a party could anticipate by asking for relief in the alternative. And, where defendant denied that he employed plaintiff by the year, but, if he did, he was incompetent, it was held that evidence should be received to prove the incompetency. Webre v. Gaillard, 16 La. Ann. 189. And a party can claim in the alternative as partner or employé, and can demand property or its value in case of nondelivery. Nouvet v. Bollinger, 15 La. Ann. 293. And where defendant denied all indebtedness, but averred that, if any indebtedness ever existed, it had been extinguished by novation, the court held that defendant's plea of general denial is not leveled at averments of simple facts, but at allegations of facts pregnant with a legal deduction. They do not deny the existence of the account sued on, nor the averment that the items therein charged were furnished to their plantation, but they deny that such dealings could by operation of law make them the debtors of plaintiff; but

they aver that, if such indebtedness existed, it had been extinguished by novation. Durham v. Williams, 32 La. Ann. 967. But see Frank v. Hardee, 22 La. Ann. 184. And the averment that the act is a pure simulation, but, if not simulated, it has been made in fraud of creditors, is permitted. Chaffe v. Scheen, 34 La. Ann. 687, citing Johnson v. Mayer, 30 La. Ann. 1203, where the reasons for the ruling are given.

"But, on the other hand, where plaintiff prayed that a will be set aside, but, if sustained, that certain legacies be delivered to them, proffering to perform the conditions imposed, it was held that they could not withdraw the proffer. Suc. of Rougzan, 7 Rob. 436. And heirs of the wife, claiming property as separate estate, were not allowed to pray alternatively that, if found to belong to the community, they be allowed their share. Wood v. Harrell, 14 La. Ann. 61."

The exception of no cause of action is addressed to several phases of the case. The petition is said to show no cause of action, first, because the defendants were duly incorporated, and therefore are not liable individually to plaintiff; second, because the plaintiff, as a creditor of the corporation, has no standing to bring suit for the corporation against defendants as its stockholders, incorporators, or managers, but the only person having such standing is the receiver of the corporation; third, because the penalty denounced by the Constitution for the issuance of stock without value received is the nullity of the stock, and not the liability of the subscriber of the stock, and hence the defendants are not indebted to the corporation on the 602 shares of stock, even conceding the facts to be as stated in the petition.

We think the defendants were duly incorporated. There were two statutes under which they might incorporate themselves for their contemplated purpose. One was the limited liability act of 1888 (Act No. 36, p. 27), requiring a paid-up capital of at least $5,000; and the other was the general incorporation law of 1904 (Act No. 78, p. 191), requiring a paid-up capital of only $3,200. All the conditions prescribed by the latter act were fulfilled, and therefore the incorporation was effected under it. And not the less so even if the intention was to effect the incorpora-

tion under the other act; for the intention would none the less have been to organize a corporation under the laws of the state for certain purposes, and the conditions prescribed by the act of 1904 for the organization of corporations for those purposes would none the less have been fulfilled. But nothing shows that the intention was to organize under the act of 1888. Had such been the intention, a paid-up capital of $5,000 would have been provided. The use of the word "Limited" in the name is insignificant, in view of the fact that the act of 1904 expressly authorizes the incorporators to adopt any name they please. In so far as denying to the plaintiff a right of action against defendants as having failed of incorporation, the exception of no cause of action was therefore properly sustained.

The exception of no cause of action was also properly maintained in so far as denying to the plaintiff a right of action against the defendants because of the corporation having failed to use the word "Limited" in the transaction of its business. The corporation, not having been organized under the limited liability act, was not bound to use the word "Limited" in the transaction of its business.

But the exception was improperly maintained as against plaintiff's alternative demand. By articles 1989 and 1990, Civ. Code, where, to the prejudice of his creditors, the debtor "fails or neglects" to exercise any of his rights, the creditors may themselves exercise the right, "in order to make the same available to the payment of their debts." In Forstall v. Consolidated Association, 34 La. Ann. 775, this court said:

"It is elementary that a creditor has the right to aver and cause to be satisfied all the rights which his debtor could, if acting, propound and have recognized and executed."

And in Spencer v. Goodman, 33 La. Ann. 907, this court said that:

"Such a suit by a creditor must not be confounded with the revocatory action, technically so called."

It is no answer to say that where a corporation is in the hands of a receiver the rights of the corporation should be enforced at the suit of the receiver. No one questions that such is ordinarily the case. But what if, for some cause or other, the receiver does not, or cannot, sue? As is the case here, where the receiver is himself the debtor, and, as a matter of course, cannot bring a suit against himself. Morawetz on Cor. par 242; Clark & Marshall on Corp. par. 543; Cook on Corp. (5th Ed.) par. 741. In such a case, either the creditor must be permitted to sue for the corporation, or else the receiver must be destituted and another appointed in his place. And the latter is not the proper remedy, for obvious reasons. One reason is that the question of the indebtedness vel non of the receiver should be litigated in a direct action against him, and at his expense if he loses, and not as an incident to qualifying an administrator for the corporation; and it should be litigated once for all, and not a first time as an incident to a proceeding for the removal of the receiver, and a second time in a direct suit brought by the new receiver. Another reason is that, pending the process of "swapping" receivers, the property might be made away with or the debt prescribe. Another reason is that the loss and expense of destituting the receiver and appointing and qualifying another might be greater than the amount involved in the suit proposed to be brought. Another is that the receiver who would have to be removed might be the most available man for the position, barring the fact of this difference between him and the corporation. We believe further reflection would suggest other reasons.

In the case of New Orleans Gaslight Co. v. Bennett, 6 La. Ann. 456, the creditor sought to have the stockholders of the company account to himself directly for the amount of their subscriptions; and, very naturally, the court said that this could not be done. Nothing of that kind is attempted in the present case. The creditor does not seek to have the stockholders account directly to himself, but seeks to have them account to the receivership.

If a mere stockholder may, in a proper case, bring suit for the corporation, as was held in Marcuse v. Gullett Gin Co., 52 La. Ann. 1383, 27 South. 846, for all the greater reason may a creditor do so.

The disqualification of the receiver to bring suit extends in this case to the suit against his associates in the agreement in question, since, if they are liable, he is; and hence by establishing their liability he would be establishing his own.

The exception of no cause of action was also improperly maintained in so far as it denies the liability of the defendants on the $30,100 of stock. The allegation is that the defendants (all of whom, except Henry Lehmann, were the managers of the affairs of the corporation) issued to one of their number and distributed among themselves $30,100 of the stock of the corporation, without value received to the corporation, all in pursuance and execution of an agreement to that effect among themselves. The Constitution provides as follows:

"Art. 266. No corporation shall issue stock or bonds, except for labor done or money or property actually received, and all fictitious issues of stock shall be void, and any corporation issuing such fictitious stock shall forfeit its charter."

While it is not here said expressly that the value of the labor or property received in payment of the stock must be equal to the face value of the stock, that is the idea meant to be conveyed. The defendants in this case do not contend differently, but argue that, inasmuch as the stock is stricken with nullity, no action can arise upon it against the subscriber. How far this may be true, as between the corporation and the subscriber, we need not inquire. It cannot be true as between the creditors of the corporation and the subscriber. Thus, in Veed-

er v. Mudgett, 95 N. Y. 295, subscribers to a void increase of stock were held liable to the creditors of the company upon the stock. As was said by the Supreme Court of the United States in the case of Handley v. Stutz, 139 U. S. 417–428, 11 Sup. Ct. 530, 35 L. Ed. 234:

"The stock of a corporation is supposed to stand in the place of actual property of substantial value, and as being a convenient method of representing the interest of each stockholder in such property. and to the extent to which it fails to represent said value it is either a deception and fraud upon the public or an evidence that the original value of the corporate property has become depreciated. * * * While an agreement that the subscribers or holders of stock shall never be called upon to pay for the same may be good as against the corporation itself, it has been uniformly held not to be binding upon its creditors."

And in the same case the court said:

"The wholesome doctrine that the capital stock of a corporation is a trust fund for the payment of its debts, rests upon the idea that the creditors have a right to rely upon the fact that the subscribers to such stock have put into the treasury of the corporation in some form the amount represented by it."

Such being the situation, the question presented is whether the managers of the affairs of a corporation in this state, who have distributed among themselves in part or in whole the stock of the corporation without value received to the corporation, can by invoking article 266 of the Constitution escape liability to the creditors' of the corporation who have dealt with the corporation upon the faith of the said stock having been issued for value. The question is not debatable. The answer is that they cannot, and that they are liable, not because the stock is a valid contract, but because, as between them and the creditors of the corporation, the validity of the contract will not be permitted to be inquired into. They are estopped from setting up the invalidity or nullity. Ewart on Estoppel, p. 187 et seq. To the extent, therefore, of the difference between the value of the lease and charred ruins given for the stock and the face value of the 602 shares of stock, defendants are liable to the creditors of the corporation.

Now, the proportion in which this liability is to be distributed among the defendants is left vague and indefinite by the petition. The liability is said to be solidary; but upon what legal principle it is solidary, is not explained. Ordinarily the subscriber or holder of stock is liable only upon the stock he holds. Nor is it apparent why each of the defendants should be liable in any greater degree than he would have been if he had directly subscribed to the distributive portion assigned to him in the division which plaintiff alleges was made of the stock. But that question can better be considered after trial of the case. Suffice it for present purposes that on the facts as stated there appears to be a liability of some kind. On the principle that the greater includes the less, an allegation that the defendants are liable in solido upon this stock can be held to include that each is liable upon the share of the stock received by him. Moreover, upon what legal principle, assuming the facts to be as alleged, the defendants can be held liable in solido, is in reality a matter more of argument than of allegation.

The defendants having been held to be incorporated, the exception that the plaintiff is estopped from denying their incorporation has become functus officio, and hence need not be considered.

The exception of misjoinder of parties defendant is without merit. The defendants are sued in solido; and, of course, parties liable in solido are properly joined in one suit. But, even if not liable in that manner, they are nevertheless properly joined in one suit, since they are, so to speak, solidary in their defense; the allegations being that all alike were parties to the agreement and accepted its fruits. In the recent case of Gill v. City of Lake Charles, 43 South. 897, 119 La. 17, this court had occasion to review our law on the subject of joinder of defendants

and to announce the rule in that regard to be as follows:

"Our Code of Practice makes no provision for determining when parties may or may not be joined as plaintiffs or defendants. We have to be guided in that regard by the well-settled rules of common law, according to which a large discretion is left to the court; the aim being to avoid a multiplicity of suits, while not permitting parties to be joined who have not a common interest, or where the defendants would be embarrassed in their defense, or delays would be caused, or complications arise, in connection with costs or otherwise."

We see no necessity for going over the matter again. In the instant case no delay, expense, complications, or harm of any kind can result from trying contradictorily with all the defendants in one suit the question of their liability to the corporation on this stock. In fact, even if the defendants can be held only severally, they have an interest in having the matter determined in one suit.

As to the exception of prematurity, the argument made by the learned counsel for defendants in support of it is that the plaintiff company has not exhausted its remedies against the corporation, in that "the plaintiff allowed the account of the receiver to be filed, and made no opposition of any kind, not claiming that uncollected assets should have been realized by the receiver." Considering that the evidence offered by the defendants shows that all the known assets of the corporation have been sold and have not realized more than enough to pay costs, and considering that defendants do not suggest the existence of other assets, this exception is overruled.

The petition does not allege the insolvency of the corporation; but inasmuch as no point has been made in the argument on the absence of this allegation, and inasmuch as the evidence offered by defendants has shown that the receivership will not pay one cent beyond costs, and inasmuch as the whole theory of the suit presupposes such insolvency, we have concluded that no good could be subserved by dealing with the case otherwise than as if that allegation had been made.

The judgment appealed from, dismissing plaintiff's suit in so far as said suit is founded on the theory of the defendants not being incorporated, is affirmed. In all other respects it is set aside, and the exceptions interposed by defendants are overruled, and the case is remanded to be proceeded with according to law. Defendants to pay costs of appeal; costs of the lower court to abide event of suit.

MONROE, J. I dissent from the final conclusion and decree, though concurring in some of the views expressed in the opinion.