Statement of tbe Case.
MONROE, J.
Plaintiff, being tbe receiver of tbe National Manufacturing & Package Company, Limited, brings this suit to recover $2,500 as defendant’s subscription for 25 shares of tbe stock of that company. Defendant interposed certain exceptions, pleaded tbe general issue, and then undertook to prove that tbe subscription bad been paid. It was admitted on the trial that defendant, sub; scribed in tbe usual form for 25 shares of the stock in question, tbe par value of which is $100; that tbe company was duly incorporat *487 ed by notarial act of date January 6, 1906; that plaintiff was appointed receiver in August, 1906, and filed an account, which showed that after the disbursement of all funds collected there remained a balance of over $40,000 due to creditors; that plaintiff was authorized by the district court to sue the subscribers for the balances due on their stock subscriptions; that this is the only suit by him on that account. It was further admitted that on July 11, 1906, the Di¡rectors of the National, etc., Company passed a resolution to the effect that the business and property of the Donaldsonville Cooperage Company, Limited, and the Steib-Viosca Company, Limited, made the stock of those companies worth $112.50; that the National, etc., Company should purchase said business and property, and that the shares of those companies should be taken at said valuation in payment of subscriptions to its (the National, etc., Company’s) stock.
Beyond these admissions, it appears from the evidence that the purpose in organizing the National, etc., Company was to absorb the two other companies mentioned, the parties to the transaction being practically the same; that the secretary, of said two companies called on defendant, and solicited his subscription to the stock of the National, etc., Company, telling him that his stock in said two other companies would be taken in payment at. a valuation of $112.50. Defendant himself says in his testimony:
“Mr. Viosca asked me if I wanted to take any stock. I toid him I did not want any. He says, ‘Well, never mind, you can put your name on the list. It is simply to show that you have subscribed to the stock.’ . Well, I told him, if this is the ease, I will sign it.”
And, in fact, he signed a subscription list which on its face calls for cash. It appears that defendant was at that time the owner of 15 shares of the stock of the Donaldson-ville, etc., Company and 5 shares of the stock of the Steib-Viosca Company; that both stocks were valueless; that a good many of the stockholders in the two companies, however, surrendered their stock and received stock in the National, etc., Company in exchange, in some instances paying differences in cash; that the defendant did not surrender his stock in said two companies and paid nothing in cash on his subscription to the stock of the National, etc., Company.
Defendant testifies that he was ready to exchange the old stock for the new, and some effort was made to show that he offered to make the exchange, but the effort, we think, was unsuccessful, there having been no reason suggested why the offer should not have been accepted, if seriously made. Upon the facts stated there was judgment in the district court in favor of plaintiff, from which defendant prosecutes this devolutive appeal.
Opinion.
The receiver is attempting, under the authority of the court by -which he was appointed, to marshal the assets of the corporation in order to pay therefrom a balance in excess of $40,000 which is due to the creditors. Conspicuous among these assets is defendant’s unpaid stock subscription, amounting to $2,-500. Even if we should assume that he could originally have discharged his obligation (quoad the creditors) with respect thereto by surrendering valueless stock in other companies, he has not done that, He is therefore properly condemned. Const. art. 266; Dilzell, etc., Co. v. Lehmann, 120 La. 284 et seq., 45 South. 138; Handley v. Stutz, 139 U. S. 417, 428, 11 Sup. Ct. 530, 35 L. Ed. 227; Veeder v. Mudgett, 95 N. Y. 295; Marshall on Corporations, § 264 (pages 681, 682, 683, 684), section 281 (page 717 et seq.); Cook on Stock & Stockholders (2d Ed.) §§ 52, 83.
Judgment affirmed.