## PATORNO v. BAKER

(November 3, 1930. Opinion and Decree.)

Roger Meunier, of New Orleans, attorney for plaintiff, appellee.

Louis R. Hoover, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff, Patorno, seeks the return of $937.89 alleged to have been loaned to Baker, defendant. The answer denies the indebtedness, and, if it went no further, the case would manifestly present only issues of fact. However, after the denial of the indebtedness, the answer contains a rather lengthy allegation which we will summarize as follows:

That defendant had sold a bill of goods to a Florida corporation, and, being in need of cash, had, as he had theretofore many times done, sold the invoice to Patorno, plaintiff, for $937.89; that thus, though he (defendant) had received the said sum from plaintiff, it was received not as a loan but in payment for the sale and assignment of the said invoice.

As an alternative defense the answer recites that, if under the facts set forth, "the court should hold that defendant was the warrantor for the collection of said debt assigned to plaintiff and, therefore, liable to plaintiff for the return of the purchase price, then in that event, but not otherwise, defendant pleads that the debt herein sued on is extinguished by compensation. * * *"

Then follow various allegations of fact on which defendant bases his plea of compensation.

On the trial, plaintiff, after testifying that the money had been paid as a loan and not as the purchase price of the invoice, stated that the invoice in question had been assigned to him as security.

Defendant, Baker, then testified that, although he had sold the invoice and had not warranted that it would be paid, nevertheless he felt that he ought to pay Patorno in the event the invoice was not paid. He also admitted having written a letter in which he acknowledged his liability to Patorno.

Counsel for defendant then offered to produce evidence in support of the plea of compensation, but to this offer counsel for plaintiff objected on the ground that the denial of the existence of the debt was inconsistent with the plea of compensation.

This objection was sustained and no evidence tending to support the plea of compensation was admitted.

The question presented to us is whether or not the ruling of the trial judge in excluding the said evidence was correct.

It must be conceded that a denial that a debt ever existed is inconsistent with a plea that the same debt no longer exists because it has been compensated. But that does not seem to be the contention made by defendant here. His denial of the debt was immediately followed by a full disclosure of the facts on which the denial was based, which denial of indebtedness, therefore, became rather a conclusion of law than an allegation of fact. In other words, defendant in effect says: "I admit I received the money from you but I did so under circumstances which I believe made the transaction a sale and not a loan and I therefore, deny that I owe you the money but in the alternative that I am wrong in my legal conclusion, then I aver that I do not owe you the money because the debt has been compensated."

We believe that Durham v. Williams, 32 La. Ann. 962, so closely resembles this case in principle that we feel ourselves controlled by that decision. There certain minor heirs were sued. They denied generally all the allegations. They then made certain special defenses, and, in conclusion, pleaded in the alternative that the

debt had been novated. They were met by the objection that the plea of novation was inconsistent with the general denial of the debt. The Supreme Court said:

"Defendants' plea of general denial is not leveled at averments of simple facts, but at allegations of facts pregnant with a legal proposition or deduction. They do not deny the existence of the account sued on, nor the averment that the items charged therein were furnished to their plantation, but they deny that such, an account, such dealings, and such transactions could, by operation of law, make them the debtors of plaintiff; but they aver that if such an indebtedness can be legally deduced from such state of facts, that the indebtedness has been extinguished by novation in the manner suggested in their answer.

"This plea is merely in the alternative, and has been sanctioned by our jurisprudence in many instances."

Likewise here defendant does not deny that he received the money from plaintiff, but he does deny that such transaction as he detailed in his answer was a loan. To use almost the identical language of the court in Durham v. Williams, supra, he avers that, if such an indebtedness can be legally deduced from such state of facts, the indebtedness has been extinguished by compensation in the manner suggested in his answer.

To the same effect we find Looney v. Levy, 35 La. Ann. 1013, in which it was contended that a general denial of a debt could not be coupled with an alternative plea of compensation. The Supreme Court held that the two defenses pleaded in the alternative were not necessarily inconsistent. See, also, Phillips & Spencer v. Adams Machine Co., 52 La. Ann. 442, 27 So. 65, in which a plea of failure of consideration was held to be not inconsistent with an alternative plea of compensation.

In Dilzell Engineering & Construction Co. v. Lehmann, 120 La. 273, 45 So. 138, 141, our Supreme Court quoted with approval from Cross on Pleading, in which the author, in referring to Durham v. Williams, supra, says:

"And where the defendant denied all indebtedness but averred that, if any indebtedness ever existed, it had been extinguished by novation, the court held that defendant's plea of general denial is not leveled at averments of simple facts, but at allegations of facts pregnant with a legal deduction. They do not deny the existence of the account sued on, nor the averment that the items therein charged were furnished to their plantation, but they deny. that such dealings could, by operation of law make them the debtors of plaintiff; but they aver that, if such indebtedness existed, it had been extinguished by novation."

Plaintiff further contends that the alternative plea of compensation by its own terms did not become effective, unless and until it appeared "that the court should hold that the defendant was the warrantor for the collection, etc." It is argued that, since there is no liability as warrantor, the situation is the same as though the alternative plea had not been made.

We feel that to sustain this contention would place too narrow a construction on defendant's answer which, read as a whole, plainly places at issue the two main contentions: First, the existence of the debt, whether as a direct primary obligation or as a secondary liability; and, second, the alternative plea of compensation.

The evidence tendered in support of the plea of compensation should have been admitted.

The judgment appealed from is annulled, avoided, and reversed, and the matter is remanded to the district court for further proceedings not inconsistent with the views herein expressed.