## NEW ORLEANS LOAN & INVESTMENT CO., Inc., v. MONTAGNET et al. (FRITCH, Intervener).

### No. 10851.

Court of Appeal of Louisiana. Orleans.

Oct. 17, 1932.

Thomas Tomeny and H. W. Kaiser, both of New Orleans, for appellant.

Delvaille H. Theard, of New Orleans, for appellees Montagnet and Le Blanc.

HIGGINS, J.

The New Orleans Land & Investment Company, Inc., sued Oliver Montagnet and Stephen J. Le Blanc, in solido, alleging that it was the holder and owner for value before maturity of their joint note. While this suit was pending in the district court, the company was placed in the hands of a receiver, who was directed and ordered by the civil district court to sell the assets of the corporation, as shown by the inventory. After the public sale of the assets of the corporation, Louis Fritch filed a petition of intervention in this suit, alleging, in paragraph 2 thereof, as follows: "That under a sheriff's sale of the assets of the New Orleans Loan & Investment Co., Inc., your intervenor purchased all right, title and interest of the New Orleans Loan & Investment Co., Inc., in and to the claim herein sued upon, against the said Oliver Montagnet and Stephen J. LeBlanc. That said sale was conducted by the sheriff under order rendered by Judge M. M. Boatner in the Receivership proceedings of the New Orleans Loan & Investment Co.. Inc., being number 143, 194 of the docket of this Honorable Court. That by virtue of said sale, your intervenor is the sole owner of this claim."

He prayed for judgment against the defendants in solido.

The defendants in their answer admitted signing the note, but denied paragraph 2 of the petition of intervention and in the alternative pleaded payment.

When the case was called for trial on its merits, the attorney for the intervener stated to the trial judge that, as the defendants had pleaded payment, they waived all other defenses and that the court should restrict the evidence to the question of payment only. The trial court ruled that as the intervener alleged in his petition that he had purchased the claim at a sheriff's sale in the receivership proceeding, and the defendants denied that allegation, and, as the plea of payment was in the alternative, it was incumbent upon the intervener to establish by competent evidence the allegation of paragraph 2 of his petition, above quoted. The intervener reserved a bill of exception and then proceeded with his evidence, endeavoring to establish that the sheriff had sold him the note in the receivership proceedings and that he was the owner thereof. After this evidence was before the trial judge he was of the opinion that it was insufficient to establish the alleged sale and ownership of the note, and he dismissed the intervener's claim without hearing any evidence on the defense of payment. The intervener appealed.

■ The defendants filed a motion in this court to dismiss the intervener's suit on the ground that he had allowed five years to elapse without having taken any steps in the prosecution of his claim, invoking the provisions of article 3519 of the Revised Civil Code, as amended by Act No. 107 of 1898. This contention is without merit because the Supreme Court, in the case of Verrett et al. v. Savoie, 174 La. 844, 141 So. 854, held that the above-quoted article, as amended (article 3519), was not applicable to cases pending on appeal.

■ The next issue presented is whether or not the defendants were entitled to plead payment in the alternative, without waiving their rights to require the intervener to prove the allegations of article 2 of the petition above set forth. The answer to this question resolves itself into a consideration of whether the two defenses are inconsistent, contradictory, and incompatible.

The record shows that the note sued upon is made payable to the order of the New Orleans Loan & Investment Company, Inc., and that there is not any indorsement of it. Therefore the note is an obligation to pay a loan to the payee. Now the New Orleans Loan & Investment Company, Inc., the payee of the note, filed the original petition alleging that it was the holder and owner before maturity of the note in question, so that the defendants were confronted with a situation where there was an original petition in which the plaintiff claimed to be the holder and owner of the note and, subsequently, a petition of intervention in which the intervener claimed to be the owner of the claim. The defendants' answer and plea of payment in effect states that the defendants did not have any transaction with the intervener and that, unless he proved that he was the real owner of the claim or cause of action, he had no interest in the question of whether or not the note was paid by defendants, and they should not be required to prove payment of their note until such time as the intervener established his claim of ownership thereof. If intervener was successful in proving to the satisfaction of the court that he had purchased the claim or cause of action, as he alleges, then, in the alternative, the defendants reserved their right to show that the note which formed the basis of the suit had been paid by them. Can it be said that these defenses are inconsistent?

In the case of Myles v. Miller, 4 Martin (N. S.) 492 (star paging 493), the Supreme Court held that, in an action on a promissory note, the pleas of payment and want of consideration were not inconsistent and that the defendant was entitled to the benefit of both defenses, the plea of payment not waiving the plea of want of consideration.

In Durham v. Julia Williams, Tutrix, et al., 32 La. Ann. 962, the plaintiff sued the defendants, who were minors, through their tutrix, on an open account for certain moneys alleged to be due for cultivating and improving their plantation. Defendants denied generally all allegations of plaintiff's petition and specially denied any indebtedness on the part of the minors to the plaintiff and concluded with the averment that, if the said minors were ever indebted to the plaintiff, which they specifically denied, such indebtedness was extinguished by novation through the act of the plaintiff in accepting the individual notes of the tutrix and her husband covering the account. The trial court held that the plea of novation waived the general denial and relieved the plaintiff from the burden of proving his claim and placed upon the defendants the responsibility of showing that the debt sued upon had been extinguished by novation.

The Supreme Court reversed the judgment of the district court and held (syllabus):

"The general denial and plea of Novation set up in the Defendant's Answer, are not inconsistent in this case, because it is the legal consequences of the facts alleged by Plaintiff, that Defendants deny; and the special defense of Novation is only pleaded in the alternative.

"In such a case, the Plaintiff is not relieved from the necessity of proving his allegations."

In Looney v. Levy, 35 La. Ann. 1012, the plaintiff sued the defendant for certain professional services rendered as an attorney at law. The defendant entered a general denial, pleaded prescription of three years, and subsequently filed a plea of compensation. The court said:

"The main contention on the merits of the cause turns upon the effect of the subsequent plea of compensation, on the previous plea of general denial, and of prescription.

"Plaintiff's contention is, that the two pleas are incompatible, and that the plea of compensation made in globo to his account, amounts to a formal waiver of the plea of prescription, and admits the existence of the debt.

"In their plea of compensation the defendants used the following restrictive language: 'That the said late firm is not indebted to said plaintiff in a larger sum than the principal of said account and note and interest, which respondent now pleads in compensation, without, however, admitting that said firm is indebted unto said plaintiff in a larger aggregate sum than the amounts of said account and note.'

"The Judge correctly ruled that the two pleas were not inconsistent, and that the plea of compensation admitted no part of plaintiff's account, but the amounts equal to the account and note pleaded in compensation, as shown by the cautious and guarded language

used by respondent in his plea of compensation.

"This ruling is in harmony and in keeping with our jurisprudence on this subject. Colley v. [Succession of] Latourette, 7 La. Ann. 222; Durham v. Williams, 32 La. Ann. 962."

In the light of the foregoing discussion and authorities we are of the opinion that the plea of payment, being in the alternative, did not waive the defendants' right of requiring intervener to prove the allegations of his petition that he had purchased and was the owner of the claim and cause of action in question, because the two defenses are not inconsistent. Louisiana Digest and Supplements, Verbo "Pleading," paragraphs 37 and 38; Corpus Juris, vol. 49, Verbo "Pleading," footnote on page 221; Corpus Juris, vol. 48, Verbo "Payment," § 138; Smith v. Donnelly, 27 La. Ann. 98; Valle, Adm'r of Succession of Howard, v. Boido, 5 Orleans App. 283.

█ As intervener bore the burden of proving that he had purchased the claim as alleged, we shall next discuss the evidence offered to establish that fact. Dufour Bertrand Feed Co. v. Dedebant, 9 Orleans App. 321; Crowley Lumber Co. v. Plaffer, 4 La. App. 606.

█ Counsel for intervener offered the relevant portions of the record in the receivership proceedings in evidence, but we find, as our learned brother below did, that it does not appear that the note sued on was ever inventoried, or ever sold. All that was inventoried was an open account in the sum of $218, which the defendant Montagnet, owed the loan company. There is no procés verbal by the auctioneer in the record. There was an application made for the sale of some of the assets of the corporation and they were sold, but it also appears from the record that a number of assets were not sold and a petition was filed by the receiver for the purpose of having a reappraisement and new sale.

John Gentilich appeared as a witness for intervener and testified that he went to the auction sale as a representative of intervener and that he purchased the note or claim in question. He produced a receipt from which it appears that the following was sold to Louis T. Fritch, intervener: "Total of account as per itemized list, in re New Orleans Loan & Investment Co., #163914, Division 'B', Civil District Court."

But this receipt is meaningless without the "itemized list," which intervener failed to produce.

Mr. William B. Gilpin, the receiver of the New Orleans Loan & Investment Company, Inc., also testified as a witness for the intervener, and stated that Mr. Fritch was represented at the auction by Mr. Gentilich and had bought the notes and accounts receivable of the company, but was unable to say definitely that the note, or cause of action sued upon, was sold. There is nothing in the record of the receivership proceedings to show definitely that the intervener purchased the note or the cause of action in question, and the testimony of the two witnesses is purely from memory as to what was sold, and we, therefore, conclude, as did the trial judge, that the intervener has not sustained the burden of establishing with certainty that the intervener purchased and became the owner of the claim, as alleged in the petition of intervention.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.